CHAS. A. CHAPIN *vs.* T. P. TISDALE *et al.*

EXCEPTIONS FROM THE RULING OF MCCULLY, J.

SPECIAL TERM, DECEMBER, 1883.

JUDD, C. J., MCCULLY and AUSTIN, JJ.

An agreement contained the following clause : "And it is also further "agreed in consideration of the distance from said mill that "the parties of the first part their heirs and assigns will pay "to Charles A. Chapin his heirs and assigns the sum of three "(3.00) dollars per ton on all the sugar produced from thirty-seven "and one-half (37½) acres of cane, and rattoons of each crop, dur- "ing the above term of ten years, said number of tons per acre to "be an average of the entire crop of cane and rattoons each year."

The words "37½ acres of cane and rattoons," held to mean 37½ acres of both together, not 37½ acres of each.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an action for an alleged breach of covenant contained in an agreement between the parties. The plaintiff, and another who has now parted with his interest, therein agrees to plant not less than 75 and not more than 150 acres of sugar cane yearly for the term of ten years, irrespective of rattoons, and the defendants agree to grind and manufacture the same for a certain share stated. The agreement is lengthy and goes into many particulars. The covenant upon which this action is based, is as follows :

"And it is also further agreed in consideration of the distance "from said mill that the parties of the first part their heirs and "assigns will pay to Charles A. Chapin his heirs and assigns the "sum of three (3.00) dollars per ton on all the sugar produced from "thirty-seven and one-half (37½) acres of cane, and rattoons of "each crop, during the above term of ten years, said number of "tons per acre to be an average of the entire crop of cane and "rattoons each year."

The plaintiff claims the sum of $800.60, being the sum of three dollars a ton upon sugar made from 37½ acres of plant cane and 37½ acres of rattoons, and requested the presiding justice to charge

the jury that he was entitled to this sum upon a proper construction of the agreement. The court declined to grant this instruction, but directed the jury to find a verdict for the plaintiff for $431.72, being a sum at the rate of $3.00 per ton upon 37½ acres.

We are now to decide what is meant by the words "thirty-seven and one-half acres of cane and rattoons." Do they mean thirty-seven and one-half acres each of cane and rattoons, that is, seventy-five acres of sugar-cane composed of either or both plant cane and rattoons, or thirty-seven and one-half acres of cane only, whether the same be plant cane or rattoons?

Words in a contract are to be construed in their plain and ordinary meaning, and where a meaning can be derived from them without the interpolation of other words, this meaning must be received as the one intended by the parties. To give the words "thirty-seven and one-half acres of cane and rattoons," the meaning contended for by the plaintiff, would require that the word "each" be inserted, or some other word to show that it was intended that 37½ acres of plant cane and also 37½ acres of rattoons was to be reckoned as the average upon which the sum of $3.00 per ton of sugar produced therefrom was to be paid.

We are not impressed with the argument that as 75 acres was the minimum acreage to be planted each year, this must be assumed to be the acreage on which the $3.00 per ton was to be assessed, for the cane raised on this amount of land would be all plant cane and not rattoons. Moreover the distance from the mill was the consideration for this allowance and not the quality of the cane to be carted, whether plant or rattoons, it not appearing that one is more difficult to cart than the other.

By Section 16 of the Civil Code, "each of the terms *or* and *and* has the meaning of the other or both, when the subject matter, sense and connection require such construction." The word "and" between "cane" and "ratoons" means both "and" and "or," and applying this rule of construction to the words of the contract, it may be read as follows: $3.00 per ton was to be paid by the defendants on all the sugar produced from thirty-seven and one-half acres of cane and (or) rattoons, it is immaterial which, for the number of tons was to be an average of the entire crop of cane and rattoons each year.

As to the matter of carting, the cane and rattoons were not separated in the contract. If there were to be thirty-seven and one-half acres of cane and thirty-seven and one-half acres of rattoons, to average the tons per acre of plant cane and rattoons separately to the whole acreage of plant cane and rattoons would be unfair and was not intended.

*The exceptions are overruled.*

*E. Preston*, for plaintiff.

*F. M. Hatch*, for defendants.

Honolulu, January 8, 1884.