*C. F. Peterson* for defendant.

---

# IN THE MATTER OF THE ESTATE OF ABIGAIL K. CAMPBELL PARKER, DECEASED.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MARCH 30, 1909.						DECIDED APRIL 5, 1909.

HARTWELL, C.J., WILDER, J., AND CIRCUIT JUDGE LINDSAY IN PLACE OF BALLOU, J.

EXECUTORS AND ADMINISTRATORS—*appointment of executor.*

A will appointing two daughters, M. and M. B., "to be the sole executrices of this my will," and directing that if the testatrix should die before M. "and" M. B. shall be of full age the H. T. Co. should "act as such executor and trustee until they the said Muriel Campbell and Mary Beatrice Campbell shall reach their majority and are qualified to act as such executrices and trustees" (the company and the daughters having been appointed trustees under the will), the elder daughter coming of age after the death of the testatrix and before the will is probated is entitled to letters testamentary with the H. T. Co. This construction presents less difficulty than any other, "their" majority being construed as meaning "as they respectively reach the age of majority," and "and" to mean "or."

Estate of Parker, 19 Haw. 393.

OPINION OF THE COURT BY HARTWELL, C.J.

This is an appeal from an order granting letters testamentary to the Hawaiian Trust Company upon the will of Mrs. Abigail Campbell Parker and denying the appellant's petition for her appointment as executrix of the will. The decedent died October 31, 1908, her will being dated October 10. The Trust Co. filed its petition November 15 for the probate of the will and for letters testamentary alleging in its petition that the appellant was then of the age of seventeen years, eleven months and two weeks and that her sister Mary Beatrice was fifteen years of age. The appellant's petition, which was denied, was filed January 28, 1909. The will was admitted to probate and letters testamentary issued to the Trust Co. February 2.

The will of the testatrix devises and bequeaths the residue of her estate to the Hawaiian Trust Company and her daughters Muriel and Beatrice, as Mary Beatrice appears to be called, giving these trustees power to sell and lease real estate, investing the proceeds, and to change and vary investments of securities, with the power of appointment by a judge of the first circuit of new trustees "to succeed the said trustees herein appointed."

In the clauses in the will under which the question herein presented arises, which immediately precede the testimonium clause, the testatrix appoints her daughters Muriel and Beatrice "to be the sole executrices of this my will," directing that "should I depart this life before two of the executrices and trustees named in this Will, to wit, Muriel Campbell and Mary Beatrice Campbell shall be of full age and competent to act, the Hawaiian Trust Company, Limited, one of the trustees shall act as such executor and trustee until they the said Muriel Campbell and Mary Beatrice Campbell shall reach their majority and are qualified to act as such executrices and trustees."

Estate of Parker, 19 Haw. 393.

By one construction of this language neither of the two daughters, although of full age, can be an executrix or a trustee unless the other also is of age. By taking this to be the meaning of the will the death of the younger sister before coming of age would preclude the elder, who is now of age, from ever becoming an executrix inasmuch as the Trust Co. is required to act as executor until both daughters, Muriel "and" Beatrice, reach "their" majority, an event which then could never occur. As two persons of different ages cannot at the same time reach the age of legal majority there is no such thing as "their" majority occurring as a single event. The term is used here in a joint and several sense and in order to indicate the real meaning the word "respectively" may be considered as implied before the word "reach." This requires that either the functions of the Trust Co. as executor terminate upon Muriel's arrival at the age of legal majority or else that the will be taken to mean that the company shall act as sole executor until Muriel becomes of age and then as coexecutor with her only until Beatrice is of age.

Referring to the provision made for appointment of new trustees, although it is obvious that in order to keep the number of three trustees a new trustee would have to be appointed each time a vacancy occurs in that office, the will provides for appointment of a new trustee "in case of the inability or for other good reason or cause the Hawaiian Trust Company, Limited, cannot longer act as trustee under this Will," meaning in case of its inability to act, "and (instead of "or") in case of the death of the said Muriel Campbell *and* Mary Beatrice Campbell." This illustrates the inexactness of language which appears in the clauses under discussion. It would seem to have been easy enough to say that in case of the death of the testatrix, while either or both of the daughters should be under age, the Trust Co. should act as executor until at least one of them should be of age, if such was the intention of the testatrix, or to add, if

such was the intention, that the Trust Co. should remain executor together with the daughter becoming of age until the other also, if she should so long live, became of age, but it also seems likely that if it was the intention of the testatrix that the company was to act as sole executor until both daughters became of age, one after the other, she would have stopped with the words "act as such executor" and not gone on to provide for the termination of the company's authority to act by using language different from that which authorized it to begin to act as executor.

As the will reads the only circumstance under which the Trust Co. is directed to "act as such executor and trustee" is upon the death of the testatrix before either of the daughters shall be of age, and once beginning to be executor and trustee it would continue to act as such indefinitely if either or both of the daughters should not live to become of age, the will giving no authority for coexecutors except in the case of the two daughters. That is to say, in this view the Trust Co. was required by the will to act as executor in the event which occurred of the testatrix dying before both daughters had become of age and to continue so to act until both come of age unless the expression concerning them, "shall reach their majority," can be taken to mean "shall respectively reach their majority," with a further implication of an intention that during the minority of Beatrice the estate shall be administered by the Trust Co. and the other daughter as coexecutors. There is ample authority for using the word "their" in the sense of "each of them," as, for instance, in *Sargent v. Bourne,* 6 Met. 32. So of a direction to an executor to procure a residence for a daughter and hold it in trust for her "and" her son during "their" lives, and upon the decease of both a devise over, the daughter and son having an interest during their joint lives and the life of the survivor. *Dow v. Doyle,* 103 Mass. 491. An instruction that the defendant has the burden to show the

defense that the plaintiff's injury resulted from his intoxication "and" negligence means "or." *Loewer v. Sedalia,* 77 Mo. 431, 447. Property in which A "and" B died seized and possessed means A "or" B. *Litchfield v. Cudworth,* 15 Pick. 23, 27. The right of re-entry for nonpayment of certain debts "and" causing expense to the grantor is a case of an alternative. *Jackson v. Topping,* 1 Wend. 389. In the construction of a written contract "claims due said A 'and' B," were held to be due to A "or" B. *Snow v. Pressey,* 85 Me. 408. An agreement to pay an annuity to a husband and wife "during their natural lives" binds the party to pay the annuity during the joint lives of the husband and wife and during the life of the survivor. *Douglas v. Parsons,* 22 Oh. St. 526. A testator devised his farm to his two sons in the following words: "I give and bequeath to my two sons, John and Edward, all my farm after my death, to them as long as they do live, and after their death to their children." Held "that John and Edward take a life estate with remainder to their children as purchasers upon the death of the survivor." *Jones v. Cable,* 114 Pa. 586. The words "during their joint and natural lives" in a settlement mean "during their joint lives and the life of each of them." *Smith v. Oakes,* 14 Sim. 122, 124; 60 Eng. Rep. 304. In construction of statutes as well as deeds, as held in *Chapin v. Tisdale,* 5 Haw. 52, "each of the terms 'or' and 'and' has the meaning of the other or both, when the subject matter, sense and connection require such construction." R. L. Sec. 15.

On the whole, in view of the inapt or inartistic language in portions of the will the difficulties appear to be less in accepting the construction contended for by the appellant than that submitted by the Trust Co. although in its petition for probate it prayed that letters issue to Muriel as well as to itself.

Order reversed, case remanded with direction to issue letters testamentary to the Hawaiian Trust Company, Limited, and the appellant, as coexecutors, according to the tenor of the will.

*G. A. Davis* and *C. F. Clemons* (*Thompson & Clemons* also on the brief) for appellant.

*R. B. Anderson* (*Kinney, Marx, Prosser and Anderson* on the brief) for appellee.