IMPERIAL REALTY COMPANY

*v.*

WEST JERSEY AND SEASHORE RAILROAD COMPANY.

[Submitted September 10th, 1910. Decided October 19th, 1910.]

1. The mere fact that complainant's right to an easement of passage, for which he seeks protection by injunction, is denied in the answer, will not require its establishment at law, where the undisputed facts under well-settled legal rules show that his right of way exists.

2. A deed conveying a lot, which describes it as extending in depth to an alley, and gives the rear course of the lot as running along the alley, implies that the lot has as appurtenant to it a way to and from it, and vests in the grantee, as against the grantor and his privies, the right to the use of such way.

3. In an action to enjoin the obstruction of a right of way through an alley to the public street by the owner of an interior lot bounding on the rear on the alley, a deed by the common grantor of complainant's lot and the adjoining lot between it and the street, containing a similar reference to the alley, was admissible in evidence to show that the alley extended along both lots to the public street.

4. Where deeds of record show that provisions were made for easements in an alley, and an examination would have shown the alley in actual use, the subsequent purchaser of adjacent property is charged with notice of such easement.

On bill for injunction. On final hearing.

*Messrs. Thompson & Cole,* for the complainant.

*Mr. George A. Bourgeois,* for the defendant.

LEAMING, V. C.

It is well settled that when the fundamental right on which a complainant prays equitable relief is the legal title to an easement in lands of a defendant, and that right is in substantial dispute, the establishment of the right at law is necessary to justify a court of equity in granting the relief sought. *Todd* v.

*Staats, 60 N. J. Eq. (15 Dick.) 507.* But where the legal right, though formally disputed, is yet clear on facts which are not denied and legal rules which are well settled, such relief may be granted. *Hart* v. *Leonard, 42 N. J. Eq. (15 Stew.) 416.* In the present case there is no substantial dispute touching the existence of a right of way in favor of complainant over the land of defendant. The answer denies the existence of such a right of way; but the undisputed facts are such that it is entirely apparent that, under the well-settled rules of law, the right of way clearly exists. In such case a court of equity should exercise jurisdiction to the same extent as though the existence of the right was not denied or had been established by an action at law.

The conveyance of May 1st, 1865, from Henry F. Felix to Sarah Hagan, which described the lot conveyed as extending in depth to an alley and described the rear course of the lot as running along that alley, implied that the land sold had, as an appurtenant, a way to and from it, and was operative to vest in the grantee, as against the grantor and his privies, the right to the use of such way. *Seibert* v. *Graff, 38 Atl. Rep. 970; White* v. *Tide Water Company, 50 N. J. Eq. (5 Dick.) 1; Booream* v. *North Hudson County Railway Co., 40 N. J. Eq. (13 Stew.) 557.* The deed made by the same grantor on the same day to James Bradley and John Bradley for the lot between the lot conveyed to Hagan and New York avenue contains a similar reference to an alley; this deed may be properly considered in connection with the Hagan deed and the testimony in disclosing that the alley referred to extended along the rear of the two lots to New York avenue.

Defendant purchased from the grantee of Felix, December 20th, 1879. The testimony clearly discloses that at that date the alley in question was in open use as such as a means of access with teams to and from the Hagan lot, as well as to and from other lots. At the time of defendant's purchase a proper examination of the record would have disclosed the deed from Felix to Hagan and the deed from Felix to James and John Bradley, both calling for the alley as a rear boundary, and an examination of the premises would have disclosed the alley in actual use for

teams to and from the Hagan lot as well as other lots. Under these circumstances defendant was clearly charged with notice.

The only doubt which I entertain is with reference to the distance, in width, in which the alley extends from the rear of the Atlantic avenue lots in a northerly direction. Complainant is clearly entitled to relief against the present interference with the use of the alley as a means of ingress and egress to and from its property, for the fence erected by defendant wholly closes the alley; but care must be exercised that the relief here granted does not extend to land beyond the northerly boundary line of the alley. That boundary line has not been defined. The depth of the lot westerly of complainant's lot, which lot creates the blind end of the alley in question, indicates that the width of the alley may originally have been ten feet; at the date of the purchase by defendant, as well as since that date, the alley was in use to at least that width; under no theory could the alley have been less than that width. Under these undisputed conditions complainant is clearly entitled to an injunction restraining defendant from obstructing complainant's passage to and from its property along a strip of land ten feet in width, with its southerly boundary along the rear line of complainant's lot and the rear line of the original lot between complainant's lot and New York avenue.