# McBRYDE SUGAR COMPANY, LIMITED, A CORPORATION, *v.* MANUEL ANDRADE.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

HON. L. A. DICKEY, JUDGE.

ARGUED MAY 24, 1915.                    DECIDED JUNE 3, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

EQUITY—*injunction—jurisdiction.*

Equity has jurisdiction to protect a legal right in property by injunction where plaintiff's right is clear and the court is of the opinion, on the evidence before it, that there is no substantial dispute as to it, though the right is denied and it has not been established at law.

SAME—*restraining commission of criminal acts.*

Where the issuance of an injunction is warranted by the necessity of protection to legal rights in property, the commission of criminal acts may incidentally be enjoined.

WORDS AND PHRASES—*"or"—"and."*

The word "or" is sometimes used in the copulative sense and as synonymous with "and" in deeds and contracts as well as in statutes. The word will be so construed whenever it is evident that it was intended to have that effect.

EASEMENTS—*injunction—irreparable injury.*

Injunction will lie to protect the owner of an easement in its enjoyment when the injury complained of is irreparable, or the interference is of a continuous character, or the remedy at law for damages will not afford an adequate remedy.

APPEAL AND ERROR—*decree—questions not raised in lower court.*

While an appeal from a final decree in equity brings up the whole case for review, a proper decree granting appropriate relief need not be modified merely because it has not expressly covered matters incidental to the main issues as to which no question was raised in the lower court.

INJUNCTION—*modification of.*

Where an injunction awarded by a decree in equity is broader than the decree it may be modified upon application to the circuit judge, and the affirmance of the decree on appeal will not preclude such action.

McBryde Sugar Co. v. Andrade, 22 Haw. 578.

ÓPINION OF THE COURT BY ROBERTSON, C. J.

This is an appeal from a decree made and entered by the judge of the circuit court of the fifth judicial circuit granting an injunction to restrain the defendant from interfering with, hindering or obstructing the plaintiff in its use, repair or maintenance of a certain waterway lying and being in and upon and running through the premises of the defendant, situate at Kalaheo, Island of Kauai, known as homestead lot No. 49, and described in land patent No. 5491. The plaintiff alleged and proved a right to the use of the waterway under a grant from the government to one Isenberg, dated August 29, 1902, of certain ditch, flume, pipe and railroad ways and reservoir sites in the land of Kalaheo, "also the right, without charge, to develop water on the said land of Kalaheo and to appropriate to his own use and divert the same by most practicable route to Wahiawa or Lawai in said district of Koloa until the 25th day of May 1949, provided all development of said water under this grant to cease in five years after the expiration of the present lease of Kalaheo from the crown commissioners." The lease referred to expired on February 15, 1909. It was further specified in the grant that "this indenture, however, is not intended to convey and does not convey to the grantee, his heirs or assigns, any right whatever in or to the natural flow of any water or waters on said land of Kalaheo, or the right to any diminution thereof after the expiration of said lease; but the same shall be and remain as heretofore vested in the government." The defendant in his answer denied the right and title to the easement set up by the plaintiff, and the first point for consideration is in the contention that a perpetual injunction will not be granted to protect legal rights in property unless the plaintiff's title is admitted or has been established at law and that equity will not ordinarily try a disputed title. In *McBryde Sug. Co. v. Koloa Sug. Co.*, 19 Haw. 106, a case analogous in principle to the case at bar, where the rule in question was invoked, this

court said (at page 118), "The limitation of the rule is that
when the legal right is reasonably clear and there is no uncer-
tainty of the principles of law involved, its establishment at
law is not required but equity will ascertain the existence of
the right as well as protect it. This is especially true of illegal
diversion of water and illegal interference with water rights."
Injunctive relief may be granted where the plaintiff's right is
clear and the court is of the opinion, on the evidence before it,
that there is no substantial dispute. 6 Pom. Eq. Jur. Sec. 549;
*Richmond* v. *Bennett,* 205 Pa. St. 470; *Robertson* v. *Meyer,*
59 N. J. E. 366. In the case at bar there is no substantial
dispute as to the plaintiff's right in the easement as claimed.
The patent for the defendant's lot was issued to him on May 5,
1911. He had been in possession of the premises for three or
four years prior to that date under a right of purchase lease.
The patent did not except the right previously granted to Isen-
berg but the prior grant had been duly recorded and the defend-
ant took title subject to that grant. The waterway in question
lies in a natural gulch which extends across the lower portion
of the defendant's lot, and the evidence showed that besides a
small natural flow of water running therein (the right to the use
of which by the defendant is not disputed) water developed by
the plaintiff prior to the acquisition of any rights by the defend-
ant has been taken whenever needed and available through the
way to plaintiff's cane fields and laborers' camps at Lawai.
There has been no abandonment of the easement by the plaintiff.
In this connection a point was raised by defendant's counsel
upon the construction of the grant to Isenberg as to whether the
grantee was given the right to take water across the land of
Kalaheo to both Wahiawa and Lawai, but the grant could as
well be construed by the court sitting in equity as at law. In
short, there is no substantial dispute as to the facts bearing
upon the plaintiff's title requiring an adjudication at law. The
question of construction referred to arises out of the language
used in the grant to Isenberg whereby the right was given to

develop and appropriate water "and divert the same by most practicable route to Wahiawa or Lawai," the contention of counsel for the defendant being that as public grants are to be construed against the grantee it should be held that this grant conferred the right to divert water to either Wahiawa or Lawai, but not to both, and that as it was shown that the plaintiff was taking water to Wahiawa it was without right to take it to Lawai also. Dealing with this argument the circuit judge, in his decision, said "I construe the language differently. Both branches of the ditch are shown on the map accompanying the grant and are expressly described in it, and various reservoir sites are granted. It was plainly the idea of the government that the grantee would cultivate both in Lawai and Wahiawa and use water in both places." We agree with this view. The map appended to the grant and by reference made a part of it indicates a ditch leading from reservoir No. 1 to the stream which runs through the defendant's lot at a point above his lot; it shows that stream leading down to "proposed" reservoir No. 21; and it shows another ditch connecting with reservoir No. 14 near the boundary of Lawai. Further, the testimony showed, and the circuit judge found, that this was the most practicable route by which to take the developed water to the plaintiff's cane fields and camps at Lawai. The respective lands of Wahiawa and Lawai lie on opposite sides of the land of Kalaheo upon which the water was developed and from which the right to divert it was granted. Unless the phrase "and or" was to be used the word "or" was no less appropriate to express the intention than the word "and" would have been. The word "or" is sometimes used in the copulative sense and as synonymous with "and" in deeds and contracts as well as in statutes. The word will be so construed whenever it is evident that it was intended to have that effect. *Chapin* v. *Tisdale,* 5 Haw. 52; *Estate of Parker,* 19 Haw. 393, 397; *Kennedy* v. *Haskell,* 67 Kan. 612, 616; *Ranch Co.* v. *Stratton,* 22 Colo. App. 577; 29 Cyc. 1506.

In contending that the plaintiff has an adequate remedy at law counsel for the defendant urge that equity will not restrain threatened criminal acts, nor enjoin threatened injury to growing crops where the damage can be forevalued and recovered at law. The testimony showed that on March 31, 1914, the defendant had assaulted and struck the manager of the plaintiff corporation upon the entry of the latter upon defendant's lot with workmen for the purpose of cleaning the waterway. It also appeared that upon being prosecuted criminally for the battery the defendant had been acquitted. The evidence as to the conduct of the defendant on the date mentioned was important only in showing, in connection with his denial of plaintiff's right in the easement, his determination to maintain his view by the use of force. Counsel erroneously assume that the plaintiff by its bill in this case sought an injunction primarily against the criminal use of force. The bill prayed for and the decree granted an injunction to conserve the easement and to protect the plaintiff in the use of it according to its right. The commission of criminal acts is restrained incidentally and in so far only as they would tend to interfere with such use. Where the intervention of equity by injunction is warranted by the necessity of protection to civil rights or property interests the mere fact that a crime or statutory offense must be enjoined as incidental thereto will not operate to deprive the court of its jurisdiction. 22 Cyc. 902. It was not alleged or shown that the defendant in this case is insolvent, and it is contended that as the damage to a growing crop may be proven and recovered in an action at law the plaintiff was not entitled to the relief granted by the decree appealed from. It was shown by uncontradicted testimony that the waterway in question is apt to become clogged and the passage of the water obstructed by the growth of grass and weeds so that it is necessary to clean it from time to time; that it required cleaning on the occasion of the assault on plaintiff's manager; and that on a previous occasion when employees of the plaintiff went upon the defendant's

McBryde Sugar Co. v. Andrade, 22 Haw. 578.

land to clean the waterway the defendant had driven them off. The principle involved is the same as though an actual diversion of the water by the defendant had been alleged and shown. The right of the plaintiff to have its water flow across the defendant's lot without obstruction, and, incidental thereto, the right to enter upon the lot for the purpose of removing obstructions, was a continuing right interference with which might not only damage the crop of cane then growing upon the land of Lawai, but would injuriously affect future cultivation of the land, and perhaps eventually deprive the plaintiff of the easement entirely. Irreparable injury thus was shown. "Permanent appropriation of property may be an irreparable injury for which the law gives no adequate remedy such as equity gives." *McBryde Sug. Co.* v. *Koloa Sug. Co.,* supra. "It is well settled that injunction will lie to protect the owner of an easement in its enjoyment. Wherever the injury complained of is irreparable, or the interference is of a permanent or continuous character, or the remedy at law by an action for damages will not afford adequate remedy, injunction is a proper remedy." 14 Cyc. 1216, 1217.

On behalf of the defendant two points have been urged in this court as to which no question seems to have been raised in the court below, viz.: that the defendant is entitled to prior notice of the intention of the plaintiff to enter upon his premises for the purpose of cleaning the waterway, and that the waterway, for the sake of certainty, should have been particularly described in the decree. Assuming that these two matters should have been ruled upon in accordance with the contention had the points been raised, the omission to cover them does not affect the correctness of the decree. The defendant's right to notice, if it existed before the decree, has not been abrogated by it. And as to the waterway in question, there appears to have been no misunderstanding or dispute between the parties as to its identity, location or limits. While an appeal from a final decree in an equity suit brings to this court the whole case

for review, a proper decree granting appropriate relief need not be modified merely because it has not expressly covered matters incidental to the main issues as to which no question was raised in the court below.

Finally, it is urged that the decree and the injunction are too broad and go beyond the case presented by plaintiff's bill. We think the decree, properly construed, is not open to the objection made. The waterway is described in the decree as "a waterway for carrying water by direct flow and by seepage from the plaintiff's reservoir No. 1 * * * to plaintiff's cane fields in Lawai" but the prohibition of the injunction authorized is against interfering with or obstructing the plaintiff in its use and repair "of said waterway lying and being in and upon and running through the said Kalaheo Homestead Lot No. 49 and described in land patent 5491." This was the limit of the relief to which the plaintiff was entitled under the case made. It was not claimed that the defendant had interfered or threatened to interfere with plaintiff's use and enjoyment of its easement elsewhere than within his premises. The injunction, however, is open to the objection made in that its inhibitory provisions extend to the waterway in its entire length. It commands the defendant to refrain from hindering or obstructing the plaintiff "in its use and enjoyment of an easement of way in and along the stream bed or bottom of the natural gulch extending from the waterfall above the hereinafter described land of the defendant through and below said land * * * from its reservoir No. 1, * * * to its cane fields in Lawai" etc. The defendant, on application to the circuit judge, would be entitled to have the injunction modified so as to make it accord with the decree. The affirmance of the decree will not preclude such action.

Decree affirmed.

*L. J. Warren* (*Smith, Warren, Hemenway & Sutton* on the brief) for plaintiff.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for defendant.