## SULLIVAN v. O'BRIEN.

1. EASEMENTS—PASS AS APPURTENANCE TO LAND.
   An easement of a right of way expressly created by deed passed as an appurtenance to the land when subsequently conveyed, although it was not expressly mentioned in the deed.[1]

2. REFORMATION OF INSTRUMENTS—LAND CONTRACTS—RESERVATION OF EASEMENT OMITTED BY MUTUAL MISTAKE—NOTICE.
   Where an easement in a right of way, of which all parties had knowledge, was omitted, by mutual mistake, from a land contract conveying the land, the vendor is entitled to reformation thereof.[2]

Appeal from Wayne; Codd (George P.), J.    Submitted April 20, 1926.    (Docket No. 164.)    Decided June 7, 1926.

Bill by Catherine Sullivan against John H. O'Brien and others to reform a land contract on the ground of mutual mistake.    From a decree for plaintiff, defendants O'Brien appeal.    Affirmed.

*William E. Tarsney* (*Lloyd L. Axford,* of counsel), for plaintiff.

*Maurice E. Fitz-Gerald* (*Hollis Harshman,* of counsel), for appellants.

SNOW, J.    Plaintiff is seeking in equity to reform a land contract.    The trial court rendered decree in her favor, and defendants John H. O'Brien and Emma O'Brien have appealed.

March 23, 1903, plaintiff purchased lot 20, block 5, of part of the Thompson farm, and was given a warranty deed containing the following reservation:

[1]Easements, 19 C. J. § 141; [2]Reformation of Instruments, 34 Cyc. p. 937 (Anno).

"The first parties reserve unto themselves, their heirs and assigns, a right of way over the east 9 feet of the north 20 feet of the west 112 feet of the land hereby granted, it being the intention that the said 9 feet is reserved for use as a private alleyway."

An easement of a right of way in an alley, as appurtenant to the land conveyed, was thereby created.

In May, 1919, plaintiff entered into a land contract with the defendant Arthur Gibhard for the sale of said land, but the easement was not mentioned. The following August, defendant Gibhard and wife assigned this contract to the defendants O'Brien, who have so paid thereon that they are entitled to their deed, and they demand one from Mrs. Sullivan free from the 9-foot reservation. This, plaintiff cannot do, and she claims the existence of the easement was at all times known to Gibhard and the O'Briens, and that the omission of the reservation in the contract was a mutual mistake, making the contract subject to reformation in this respect. An examination of the testimony taken on the trial discloses the following:

Daniel Sullivan, plaintiff's husband, testified that a Mr. Thompson, who had the property for sale, drew the contract, and witness took it to his wife and then to Gibhard to sign; that Gibhard at that time had a distinct understanding of the existence of the 9-foot easement as a private highway; that this strip had been used as an alley for 35 years.

Arthur Gibhard, defendant, testified that when he took the contract from Mrs. Sullivan he had his attorney examine the abstract, and was informed by plaintiff's husband of the easement; that when he assigned to the O'Briens, he and Mrs. O'Brien viewed the property, and she understood about the easement, and "agreed that the easement was to be left open for her convenience as well as others;" that when he signed the contract he did not read it over word for word,

and didn't know whether the easement was recited in it or not.

Defendants O'Brien offered testimony in denial of plaintiff's claim, and insisted they had bought the land without reservation, and had treated it as their own to the extent of building thereon, and that they told plaintiff's husband they had bought 112 feet and wanted it all; notwithstanding which, plaintiff continued to take their money on the contract, and is not now able to comply with its provisions.

The easement of the right of way in question was expressly created by the deed to plaintiff when she acquired the land.    It would pass as an appurtenance to the land with a subsequent conveyance by her, although not expressly mentioned therein.    The recent decision of this court in *Greve* v. *Caron*, 233 Mich. 261, and cases there cited, establish this proposition, and determine the interests of the parties in the instant case.

But plaintiff is still entitled to reformation of the contract.

The question of fact raised by the evidence upon the trial was resolved (and we think properly so) by the chancellor in favor of the plaintiff.

All parties concerned knew of the easement.    It was because of a mutual mistake that it was omitted from the contract.

The decree is affirmed, with costs to the plaintiff.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.