## HARRY T. STIBBARD AND HARRIET S. STIBBARD v. ALBERT REGO, EVELYN REGO AND MARY B. REGO.

### No. 2667.

ARGUED MARCH 3, 1948.                    DECIDED APRIL 5, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This case arises out of a controversy between adjoining property owners, *viz.*, the petitioners and the respondent Albert Rego, over the right of the former to use a private way lying along the easterly boundary of their premises and running over and along the adjoining premises of the respondent Albert Rego.

The adjoining properties are situate on the northerly side of Iao Road in Wailuku, Maui County. Prior to severance on March 17, 1932, the whole premises, of which they form a part, were owned by one Mary B. Rego and she is the common source of title of the present owners. Severance was effected by the conveyance of March 17, 1932 by Mary B. Rego of one half of the easterly half of the premises abutting upon Iao Road to her daughter Rose

R. Rodrigues[1] and the rear half of the easterly half to her son Albert.[2] The respondent Albert Rego acquired title to the adjoining premises owned by him by the aforementioned deed of his mother Mary B. Rego, dated March 17, 1932,[3] and by the conveyance by his sister to him by deed dated August 17, 1934,[4] supplemented by the exchange deeds between mother and son of June 5, 1939.[5] A brief abstract of the instruments through which the respective parties derived title is contained in the marginal note below.[6] Petitioners acquired title to the premises owned

---

[1] Note 6 (c).

[2] Note 6 (b).

[3] Note 6 (b).

[4] Note 6 (d).

[5] Note 6 (e) and (f).

[6] (a) Deed poll dated Dec. 6, 1924, Manuel Asue to Mary B. Rego, portion of L. C. A. 7742 R. P. 7433 containing an area of .298 of an acre; (b) deed poll dated March 17, 1932, Mary B. Rego to Albert Rego, N. E. ¼ of the easterly half of the same land containing an area of 3360 square feet, land conveyed described by true or magnetic bearings the course along the remaining land of grantor being N. 27° 33' west; (c) deed poll dated March 17, 1932, Mary B. Rego to Rose R. Rodrigues, S. E. ¼ of the easterly half of the same land containing 3342 square feet, land conveyed described by true or magnetic bearings the course along the remaining land to grantor being N. 27° 33' west; (d) deed poll dated Aug. 17, 1934, Rose R. Rodrigues to Albert Rego, same land conveyed to grantor by deed of Mary B. Rego to her dated March 17, 1932; (e) deed poll dated June 5, 1939, Albert Rego to Mary B. Rego, land conveyed not described by metes and bounds but by reference to deed of Mary B. Rego to Albert Rego dated March 17, 1932, and deed of Rose R. Rodrigues dated Aug. 17, 1934; (f) deed poll dated June 5, 1939, Mary B. Rego to Albert Rego, land reconveyed substantially the same as that conveyed to the grantor by deed of the grantee dated the same day described by true azimuths the course along the common boundary between the land conveyed and the land retained by the grantor being 169° 30' 30". This deed contains the following reservation: "reserving a 10 feet strip (road) of ingress and egress to said Mary B. Rego and Albert Rego, the description of which is as follows: 1. Beginning at a point on the center line of said roadway the azimuth and distance from the point of beginning of the above lot being 85° 22' 00" 72.38 feet. 1. 169° 39' 30" 47.85 feet;" (g) deed

by them by an agreement of sale in which they were the purchasers and the respondents Albert Rego and his wife Evelyn were the sellers, dated August 30, 1940,[7] and the deed to them by the sellers as grantors executed pursuant to the agreement of sale dated December 6, 1943.[8]

By the terms of the agreement of sale, the purchase money was payable in monthly installments and a deed to the purchasers was conditional upon full payment of the purchase price. It contained a provision that the purchasers might at any time pay the whole or any part of installments required though the same be not due.

The private way in controversy is described in the amended bill of complaint as a "10 foot strip (road): Beginning at a point on the center line of said Roadway the azimuth and distance from the point of beginning, i. e. the Southeast corner of the lot described in a Deed from Mary B. Rego to Albert Rego, dated June 5, 1939, and recorded in the Bureau of Conveyances in Book 1535,

---

poll dated March 18, 1940, Mary B. Rego to Albert Rego and Evelyn Rego as tenants by the entirety of the remaining land retained by the grantor containing an area of 6392 square feet and described by true azimuths the course of the common boundary between the premises conveyed and the premises theretofore conveyed to Albert Rego by deed of June 5, 1939, being 349° 39' 30"; (h) agreement of sale dated Aug. 30, 1940 between Albert Rego and Evelyn Rego as sellers and Harry T. Stibbard and Harriet S. Stibbard as purchasers, premises not described by metes and bounds but by reference to the deed of Mary B. Rego to Albert Rego and Evelyn Rego dated March 18, 1940, the agreement of sale containing the following reservation: "It is further agreed that the seller shall retain the right to use the driveway now on the said premises;" (i) deed dated Dec. 6, 1943, Albert Rego and Evelyn Rego to Harry T. Stibbard and Harriet S. Stibbard, land conveyed described by metes and bounds the common boundary between the land conveyed and the land previously conveyed to Albert Rego by deed of Mary B. Rego to him dated June 5, 1939, being 349° 39' 30" and containing 6392 square feet.

[7] Note 6 (h).

[8] Note 6 (i).

Page 490, being 85° 22′ 00″ 72.38 feet thence 1. 169° 39′ 30″ 94.7 feet."

The petitioners pray reformation of both the agreement of sale and deed by which they acquired the premises owned by them upon the grounds of mistake and inequitable conduct on the part of the sellers and grantors by which they were mistakenly induced to believe that the premises subject thereto included the fee of the private way or, in the alternative, a determinative decree that said way is an easement appurtenant to the premises owned by them and in the event of reformation or in the event of denial of reformation and a determinative decree that the private way constituted an easement as claimed, injunctive relief against the temporary obstruction of the way by the respondents Albert Rego and wife Evelyn.

It does not appear that the respondent Evelyn Rego has any interest in the premises over which the private way is situate and is apparently a party respondent solely for the purposes of reformation. Mary B. Rego, the other respondent, was made a party by reason of some reversionary interest allegedly claimed by her in the fee of the private way. Neither are affected by our conclusions.

The respondents Albert Rego and wife filed a joint answer denying mistake on the part of the petitioners and inequitable conduct on their part; denied the existence of an easement appurtenant to the premises owned by the petitioners and asserted the affirmative defense of ratification by the petitioners of the agreement of sale and deed by the payment by them of the installments required in the agreement of sale, the acceleration by them and payment of the balance of the purchase price and the execution by them of a mortgage on the premises, all after knowledge by them of the alleged defects in the agreement of sale and deed in not including the fee of the way. Mary B. Rego filed a separate answer. Comment upon its allega-

tions is unnecessary.

The trial judge did not pass upon the issues of mistake and inequitable conduct but sustained the defense of ratification and refused to entertain jurisdiction of the petitioners' claim of an easement appurtenant to the premises owned by them. The bill was accordingly dismissed.

It is crystal clear that at the time Mary B. Rego, the common source of title of the adjoining owners, effected a severance of the premises by the conveyances by her of March 17, 1932 to her daughter and son, respectively, of the northeast and southeast one quarters of the easterly half of the premises, she impliedly reserved the existing private way, the location of which was and is as described in the amended bill of complaint. Mr. Thompson in his treatise on the law of real property recognizes the principle "that when a continuous and apparent easement or servitude is imposed by the owner of land upon one part of it for the use and benefit of another part, a purchaser, in the absence of an express reservation or agreement on the subject, takes the servient property subject to the easement or servitude."[9]

Mary B. Rego, the common predecessor in title of the petitioners, and Albert Rego acquired the whole premises, of which the controverters own parts, from one Asue on December 6, 1924.[10] At that time there was a dwelling house on the westerly half and this dwelling house was still on the premises when purchased by petitioners. There was also at the time of the original acquisition a driveway running from the rear of the premises to the adjoining Iao Road in a general north-south direction. This driveway adjoined the easterly side of the dwelling house and

---

[9] 1 Thompson, Real Property § 358, p. 463. See also *Id.* §§ 359, 365, 367.

[10] Note 6 (a).

was distant from the northeast corner of the house about seven and a half feet and three feet from the southeast corner. Also adjoining the house on its northeasterly side and facing the driveway was a shed suitable for a garage. This driveway, upon the severance effected on March 17, 1932, was within the lot conveyed to Albert and partially within the lot conveyed to Rose. The remainder was within the remaining property retained by Mary B. Rego. By the reconveyance from mother to son of June 5, 1939, the driveway is wholly within the lot reconveyed and its westerly boundary is coextensive with the common boundary between the premises of the petitioners and those of the respondent Albert Rego. There is no dispute as to the location of the driveway, the difference in the course and distance of the westerly boundary of the premises reconveyed by the deed of June 5, 1939, and the westerly boundaries of the two lots conveyed in March 1932 to the son and daughter respectively having been occasioned by a survey of the premises made in May 1939 and the amendment of the westerly boundary of the lot reconveyed to conform to the physical location of the driveway on the ground.

Upon occupancy of the dwelling house on the premises by Mary B. Rego and her family in 1924, they immediately proceeded to use the existing driveway as a means of ingress and egress by automobile to and from the shed at the northeast corner of the house and Iao Road and this use of the driveway continued for the same purposes from 1924 until Mrs. Rego, Sr. moved away at or about the time she made the conveyance to her son and daughter-in-law of the remaining premises in March 1940. In the meantime, in March 1932, at or about the same time that she conveyed the two lots to her daughter and son, Mary B. Rego enlarged the garage space by adding a portion of the basement under the house adjoining the shed and

surfacing the driveway with concrete from Iao Road into the garage as enlarged. Obviously, both son and daughter at the time of the acceptance by them of the deeds of March 17, had notice of the existence of the driveway and its use. It was visible and continuous. It was the only convenient means of ingress and egress to and from Iao Road and to and from the only existing garage. It was reasonably necessary to the enjoyment of the property retained by their grantor. It is reasonably inferable from all the facts and circumstances surrounding the establishment and existence of this driveway and upon its visible and continuous use by Mary B. Rego and her family from 1924 to 1932, a period of eight years, that it was considered by all parties concerned as an easement appurtenant to the premises in connection with which it had been exercised and that it should so remain and be excepted from the disposition of the fee of the whole or part of the land upon which the same was situated. After severance, both son and daughter recognized and approved the use of the existing driveway and garage as they then existed and as later respectively improved and enlarged. Their mother and the members of her family continued to use the driveway without objection. The petitioners, as tenants of Albert Rego and his wife from March 1940 until the execution of the agreement of sale and thereafter until the execution of the deed of December 6, 1943, as purchasers in possession under the agreement of sale, made similar use of the driveway without objection by Albert Rego or his wife and it was not until the latter part of 1940 or early in 1941 that Albert Rego pointed out to Mr. Stibbard that the driveway was not within the premises subject to the agreement of sale and in December 1943 for the first time obstructed its use by the petitioners.

All this evidence is undisputed and the only challenge

by respondents to its effect to establish an easement appurtenant to petitioners' premises is the argument advanced in their answering brief that at the time of the execution of the agreement of sale neither Albert Rego nor Evelyn Rego had title to the concrete driveway and that they did not acquire such title until the execution of two deeds dated December 30, 1940 and December 31, 1940, respectively. This contention centers upon the legal effect of the reservation contained in the reconveyance of June 5, 1939, which respondents claim was a reservation of the fee of the driveway. The deed of December 30, 1940 is from Albert Rego to his mother of the same premises that he acquired from her by the reconveyance of June 5, 1939, the land exclusive of the ten foot right of way and the right of way being separately described. The deed of December 31 following is from Mary Rego to Albert Rego and Evelyn Rego and purports to convey to the grantees the same premises described in the deed of the 30th of December, 1940 preceding, the land exclusive of the driveway and the driveway being similarily separately described. These deeds have not been considered by the court as material to the issues. Their obvious purpose was to vest the fee of the driveway in Albert Rego and his wife upon the assumption that the fee had theretofore vested in Mary B. Rego by virtue of the reservation contained in the reconveyance of June 5, 1939, and that it was not subject to the agreement of sale. But Albert Rego and his wife Evelyn had actual notice of the terms of the agreement of sale and hence as to them the reconveyance of December 31, 1940 was subject to the rights of the petitioners as purchasers under the agreement of sale and nothing that Albert or his wife Evelyn could do could change the legal status of the driveway as an easement appurtenant to petitioners' land. Moreover, Albert Rego was already vested with the fee of the driveway by the reconveyance of June 5, 1939, and his

wife Evelyn had joined her husband in the agreement of sale which carried the easement with it so that the deeds of December 30, 1940 and December 31, 1940 were idle gestures and ineffective as far as the rights of the petitioners under the agreement of sale were concerned. The reservation contained in the reconveyance of June 5, 1939, was not a reservation of the fee of the driveway but simply a reservation of an easement[11] appurtenant to the remaining premises then owned by Mary B. Rego, qualified by the limitation upon the joint right of Albert Rego therein.

There is no gainsaying the conclusion that on March 17, 1932, when Mary B. Rego conveyed the two lots included in the easterly half of the premises to her son and daughter, respectively, she impliedly reserved the right to use this driveway as an easement appurtenant to the property retained by her. This being so, the easement appurtenant to the westerly half of the premises retained by Mrs. Rego passed to the grantees by the deed from her to her son Albert and his wife as tenants by the entirety of March 17, 1940, and it again in turn passed to the petitioners by the deed to them of December 6, 1943.

As a consequence, the petitioners are entitled to use the private way described in the amended bill of complaint similarly as Mary B. Rego was accustomed to do as a means of ingress and egress to and from Iao Road and the garage heretofore described, irrespective of whether reformation be granted as prayed or not. And if, as we hold, the driveway in controversy is an easement appurtenant to the premises owned by petitioners and passed to them by the deed of December 6, 1943, they, as owners of the dominant estate, are entitled to enjoy its use as prayed. Reformation could give them no greater rights to its use, the only additional increment being the fee of the land over

---

[11] Sullivan v. O'Brien, 235 Mich. 245, 209 N. W. 73; Justice, Jr. v. Justice, 216 Ky. 657, 288 S. W. 293.

which the right of way is situated. The evidence, however, sustaining the existence of an easement appurtenant to the premises conveyed to the petitioners is so inconsistent with the claim of inequitable conduct on the part of the respondents Albert Rego and wife that there is no alternative but to conclude that whatever mistake was indulged in by the petitioners was the result of an assumption on their part based upon its visible and continuous use as a right of way and not from any representations made by the respondent Albert Rego or his wife Evelyn. On this branch of the case we must conclude that the allegations of the amended bill supporting reformation have not been sustained by sufficient competent proof.

The only remaining question is whether or not the petitioners are entitled in equity to the establishment of the easement and its protection against obstruction. It is true that "when the fundamental right on which a complainant prays equitable relief is the legal title to an easement in lands of a defendant, and that right is in substantial dispute, the establishment of the right at law is necessary to justify a court of equity in granting the relief sought."[12] But it is equally true that "where the legal right, though formally disputed, is yet clear on facts which are not denied and legal rules which are well settled, such relief may be granted."[13]

It was conceded by all the respondents upon the trial that a private way exists on the adjoining land of which the respondent Albert Rego is the owner in fee and is correctly described in petitioners' amended bill of complaint. The respondents did not dispute that this private way was in existence when their common predecessor in

_____

[12] Imperial Realty Co. v. W. J. & S. R. R. Co., 78 N. J. Eq. 110, 77 Atl. 1041.

[13] Imperial Realty Co. v. W. J. & S. R. R. Co., supra; McBryde Sugar Co. v. Andrade, 22 Haw. 578.

title, Mary B. Rego, purchased the premises in December 1924, and its open, apparent and continuous use by her both as originally laid out and as improved up to the time of the conveyances to Albert Rego and Rose Rodrigues. As heretofore pointed out, the status of this private way as a right of way and easement appurtenant to the westerly half of the premises retained by Mary B. Rego is perfectly clear. And the respondents Albert Rego and wife are estopped to deny it. By participation in the joint reservation to himself and his mother, contained in the reconveyance to him of June 5, 1939, of that portion of the right of way running back from Iao Road for a distance of 47.85 feet, Albert Rego estopped himself from denying its existence and legal status as an easement appurtenant to the westerly half of the premises retained by Mary B. Rego.[14] There was method in such reservation. The front lot which Albert had acquired from his sister Rose had a depth along the right of way of 46.24 feet. The reservation was of 47.85 feet of its length from Iao Road. It was calculated to insure to Albert Rego an easement appurtenant to the rear lot originally acquired by him from his mother on March 17, 1932, in the event that he should again subdivide the easterly half, similarly as his mother had done in 1932. Again, in the agreement of sale of August 30, 1940, Albert Rego, as one of the grantors, reserved to himself and his wife, the other grantor, "the right to use the driveway now on the said premises." The reservation is not quite accurate for the reason that by the reconveyance of June 5, 1939 the driveway was wholly within the premises reconveyed and hence it was not within the premises subject to the agreement of sale. But the reservation unquestionably referred to the existing driveway irrespective of the ownership of the land upon which it

[14] See cases cited in note 15, post.

was situated and by such reservation Albert Rego and his wife estopped themselves from denying that the driveway was appurtenant to the premises subject to the agreement of sale.[15] Their defense against the assertion of the easement is at best merely formal. The legal rules involved are well settled. Under the circumstances, this case comes squarely within the exception of the rule against equitable relief based upon the legal title of an easement in lands of the defendant and the appropriate equitable relief should have been granted.

Consistently with the views herein expressed, the decree appealed from is reversed and the cause remanded with instructions to enter a determinative decree establishing the driveway as an easement appurtenant to the premises of petitioners and granting appropriate injunctive relief against its obstruction by the respondents Albert and Evelyn Rego.

*W. F. Crockett* (also on the briefs) for petitioners-appellants.

*E. Vincent* (also on the brief) for respondents-appellees.

---

[15] Ehret v. Gunn, 166 Pa. 384, 31 Atl. 200; Chenevert v. Larame, 42 R. I. 426, 108 Atl. 589.