351 A.2d 635

Anna Elizabeth Charlton PIPER, now Anna Elizabeth
Reed, et al., Appellants in No. 140,

v.

Harold O. MOWRIS, Appellant in No. 137.

Supreme Court of Pennsylvania.

Argued Sept. 22, 1975.

Decided Jan. 29, 1976.

Paul E. Allen, Meadville, John E. Egan, Franklin, for appellant in No. 137.

Lee E. Whitmire, Jr., Whitmire & Mannix, Beaver Falls, for appellants in No. 140 and appellee in No. 137.

Paul E. Allen, Meadville, for appellee in No. 140.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

JONES, Chief Justice.

This case began as an attempt by appellants in Appeal No. 140 to secure an injunction restraining the appellant, Harold O. Mowris, in Appeal No. 137 from maintaining an easement which runs over the land of the appellants.

These appeals [1] follow a final decree in equity of the court en banc which held that the appellant in Appeal No. 137, Harold O. Mowris, has an express easement or an easement by necessity over the tracts of land owned by the appellants in Appeal No. 140 and that the easement was not lost due to non-use, abandonment or adverse possession. (Hereinafter referred to as the Reed-Prather tract.) The court en banc, however, limited Harold O. Mowris' right of way over the Reed-Prather

[1]. Pursuant to Act of July 31, 1970, P.L. 673, No. 223, Art. II, Section 202, 17 P.S. § 211.202.

tract to "pedestrian use and only in the most exigent circumstances can Defendant [Harold O. Mowris] use said right of way for vehicular use." Thus, the appellants in Appeal No. 140 challenge the finding of the court en banc that Harold O. Mowris can maintain a right of way over their lands and Harold O. Mowris, the appellant in Appeal No. 137, challenges the finding of the court en banc that he can only make limited use of this right of way. In addition, the appellants in Appeal No. 140 maintain that even if an easement was created in favor of Harold O. Mowris, his rights were extinguished by "non-use, abandonment and adverse possession."

These appeals involve contiguous tracts of land which are located in Woodcock Township, Crawford County, Pennsylvania. John B. Prather, Grace W. Prather, James S. Charlton and Marion A. Charlton, appellants in Appeal No. 140, are owners of a two-acre parcel bordering on the west side of County Farm Road at the southerly side of its crossing with Woodcock Creek. (Hereinafter referred to as the "Prather tract.") Anna Elizabeth Reed is the owner of a tract of land on the westerly side and contiguous to the Prather tract and appellants in Appeal No. 140, A. Augustus Charlton and Marian M. Charlton, his wife, are owners of a life estate interest in the westerly portion of the Anna Elizabeth Reed tract. (Hereinafter referred to as the Reed tract.)

Harold O. Mowris, appellant in Appeal No. 137, is the owner of a tract of land adjoining the westerly line of the Reed tract. Harold Mowris claims a right of way which runs easterly over the Reed tract and through the Prather tract to County Farm Road.

The chain of title to the Mowris-Reed-Prather pieces of land begins with the common owners of these tracts, Thomas E. Carr and Beatrice Carr. On June 10, 1922, Thomas E. Carr and Beatrice Carr conveyed two acres to Thomas J. Prather. These are the same two acres mak-

ing up the present Prather tract. The grantee took subject to the following provision:

"Subject to the reservation to the first parties their heirs and assigns the right of free-egress and ingress over and upon a certain private road on [sic] way now open leading from the South end of the bridge over Woodcock Creek westwardly to and over other land of grantors. The purpose of being to grant and reserve a common use in to said private road."

In June of 1925 the Carrs sold to Elizabeth Kiser a tract of land which includes *both* what is now the Harold O. Mowris property and the present Piper-Reed tract. The deed to this parcel of land contained the following language:

"Grantors expressly except and reserve from this conveyance all the lands and easements conveyed or granted, and it is understood that the grantee herein named takes subject to such exceptions and conditions as are provided in the following grants or conveyances: That certain conveyance from Thomas E. Carr and Beatrice Carr, his wife, Thomas J. Prather, dated June 3rd, 1922, recorded in the office of the recorder of deeds of Crawford County in Deed Book 232, page 536 on June 10, 1922 . . ."

Elizabeth Kiser conveyed by deed what is now the present Mowris tract to Frank E. Brown [2], on June 23, 1925. The deed contained the following words: "Together with the use of the right of way to the public road." Elizabeth Kiser retained what is now the "Reed Tract."

On February 24, 1928, Elizabeth Kiser by deed conveyed what is now the present Reed tract to William Benson Waid, the predecessor in title to appellant Anna

2. The remainder of the Mowris chain of title is as follows: Frank E. Brown conveyed the tract to Steve M. Dasovich on December 6, 1944. On March 30, 1972, Steve M. Dasovich conveyed the tract to Mowris. All the conveyances in this chain of title contained the following language: Grantor grants to grantee the "full right of ingress and egress to a public road."

Elizabeth Charlton Piper, an appellant in Appeal No. 140. The deed contained the following language: "together with full right of ingress and egress to a public road." However, the deed did not specifically mention that the grantee was also taking subject to the easement contained in the conveyance of Elizabeth Kiser to Frank E. Brown.

We agree with the court en banc's conclusion that Harold O. Mowris, appellant in Appeal No. 137, has an express easement by way of reservation, entitling him to maintain a right of way over the tracts of land owned by the appellants in Appeal No. 140.

Our cases have recognized the right of a grantor of land to reserve an easement over the land conveyed for his use. *Baptist Church in the Great Valley v. Urquhart*, 406 Pa. 620, 178 A.2d 583 (1962); *Lauderbach-Zerby Co. v. Lewis*, 283 Pa. 250, 129 A. 83 (1925). A reservation is the creation of a right or interest which has no prior existence as such in a thing or part of a thing granted. A reservation may be of a right or interest in the particular part which it affects. *Kister v. Reeser*, 98 Pa. 1 (1881). The intent of the grantor must be disclosed by the words used. *Mandle v. Gharing*, 256 Pa. 121, 100 A. 535 (1917); *Sheffield Water Co. v. Elk Tanning Co.*, 225 Pa. 614, 74 A. 742 (1909). The language in the original deed between Thomas and Beatrice Carr and Thomas Prather created an easement by reservation which created in the subsequent grantees of Thomas and Beatrice Carr rights of which they could not be involuntarily divested. *Lauderbach-Zerby Co. v. Lewis, supra* ; *Moffitt v. Lytle,* 165 Pa. 173, 30 A. 922 (1894). An examination of the deeds shows the easement created to have been appurtenant to the land. *Ehret v. Gunn,* 166 Pa. 384, 31 A. 200 (1895).

"It is settled law in Pennsylvania that an owner of land may arrange it as he pleases, doing no injury to

others, and that any ways or other privileges which he may provide for the necessary or convenient use of the different parts of the land, or of structures on it, will remain as servitudes upon the parts subjected to them by him, in the hands of subsequent purchasers with notice, or when the easements are continuous and apparent. The easements thus created, being for the specific use of lands for which they were provided, become appurtenances of those dominant estates, and require no deed or writing to support them; they pass by a conveyance of the estate to which they are appurtenant."

*Lauderbach-Zerby Co. v. Lewis*, 283 Pa. at 254, 129 A. at 84 (1925); *Held v. McBride*, 3 Pa.Super. 155, 158 (1896). *See Restatement of Property* § 487, comment a at 3030 (1944).

■■ We do not agree with the appellants in Appeal 140 that the language in the Carr to Kiser deed of 1925 operated to extinguish the easement by reservation over the Prather-Reed tract. A reading of that clause as a whole indicates that its intent was not to extinguish the easement which ran with the Carr tract over the Prather-Reed tract but to indicate and exclude from the Carr to Kiser conveyance those portions of the common Carr tract which were conveyed by the Carrs prior to the Carr-Kiser transaction. The deed also provided that the grantee would take the grantor's land "together with all and singular the rights, liberties, privileges, hereditaments and appurtenances whatsoever thereto belonging. . . ." Moreover, as the court below held, the words of the Carr-Kiser deed must be construed in favor of the grantee Kiser, and in favor of the easement. *Garan v. Bender*, 357 Pa. 487, 55 A.2d 353 (1947).

■ Appellant Reed, in Appeal No. 140, also contests the validity of Mowris' easement over the Reed tract on the basis that the Kiser-Brown transaction, which con-

tinued the easement in Mowris' chain of title, was prior in time to the Kiser-Reed transaction. Thus, Appellant Reed, in Appeal No. 140, argues that since the Kiser-Brown easement was not mentioned in the Kiser-Reed deed, she does not take subject to it.

> "The weight of authority is to the effect that if a deed or a contract for the conveyance of one parcel of land, with a covenant or easement affecting another parcel of land owned by the same grantor, is duly recorded, the record is constructive notice to a subsequent purchaser of the later parcel. The rule is based generally upon the principal that a grantee is chargeable with notice of everything affecting his title which could be discovered by an examination of the records of the deeds or other muniments of title of his grantor."

*Finley v. Glenn*, 303 Pa. 131, 136, 154 A. 299, 301 (1931). *See 5 Tiffany Real Property* § 1266 (3d ed. 1939) [3]; *Woodlawn Trustees, Inc. v. Michel*, 418 Pa. 398, 400, N. 2, 211 A.2d 454, 455, N. 2 (Roberts, J. 1965). Accordingly, the court below was correct in holding that Harold O. Mowris, the appellant in Appeal No. 137, had a right of way over the Reed-Prather Tract.

Appellants in Appeal No. 140 contend that even if Harold Mowris had an easement, it was "lost by abandonment, non-use or adverse possession." The record discloses that the right of way which Harold Mowris asserts over the tracts of the appellants in Appeal No. 140 has been seldom used. In fact, over the years it practically was never used for vehicular traffic. The appellants in Appeal No. 140 contend that the right of way was never used, except by themselves and their invitees, that it was overgrown like a wilderness, that trees were

---

**3.** A purchaser is, it appears, ordinarily charged with notice of an incumbrance upon the property created by an instrument which is of record, although the primary purpose of such instrument is not the creation of such incumbrance, but the conveyance of neighboring property. *5 Tiffany Real Property* § 1266, at 23 (3d ed. 1939).

planted in or near the right of way, and that Harold Mowris' predecessors in title maintained a wire fence and gate across the right of way which blocked access to it.

■■ In order for the servient tenement to establish abandonment "Pennsylvania law requires that there be a showing of intent of the owner of the dominent tenement to abandon the easement, coupled with either (1) adverse possession by the owner of the servient tenement; or (2) affirmative acts by the owner of the easement that renders the use of the easement impossible; or (3) obstruction of the easement by the owner of the easement in a manner that is inconsistent with its further enjoyment." *Ruffalo v. Walters,* 465 Pa. 236, 348 A.2d 740 (filed Nov. 12, 1975). *See Hatcher v. Chesner,* 422 Pa. 138, 221 A. 2d 305 (1966). As the lower court found, there was no abandonment in this case. While the easement in this case was seldom used by Mowris or his predecessors in title, that alone does not indicate his intent to abandon.

In *Hatcher v. Chesner, supra,* this Court found an intent to abandon an easement where the owner of the dominant tenement and his predecessors in title had taken affirmative acts which obstructed the use of the easement to a material extent. These acts included permitting a tree to grow in such a place that it obstructed the use of the easement and permitting or placing a bar across the doors of the garage serving as the only entrance to the easement right of way. In *Ruffalo v. Walters, supra,* the Court found an abandoned easement where the facts were as follows: "The [water] gristmill for which the easement was created was connected to gasoline power in the 1930s and town down in 1948, some twenty-four years before the present owners of the easement attempted to reopen the millrace. A road had been built over part of the millrace and no water had actually run through the millrace since late 1930's. . . . [W]e are of the opinion that there had been an intention

to abandon the easement, coupled with the tearing down of the gristmill, that made the use of the easement impossible, thereby bringing this case within our decision in *Hatcher*."

The court below correctly held that the appellant, Harold Mowris, and his predecessors in title did not abandon their right of way over the tracts of land owned by the appellants in Appeal No. 140. As the Chancellor and the court en banc found, there was insufficient evidence presented to establish that Harold Mowris or his predecessors in title intended to abandon their easement. Nor do the facts indicate that through their adverse possession, the owners of the servient tenement extinguished Harold Mowris' right of way or that the owner of the dominant tenement had made use of the right of way impossible, or obstructed the easement. While the owners of the dominant tenement did erect a gate and fence between the tracts, the record clearly indicates that this did not limit ingress and egress to and from the dominant tenement. While the owners of the dominant tenement may have made infrequent use of the right of way, these facts alone will not terminate an express easement. *See Stozenski v. Borough of Forty Fort*, 456 Pa. 5, 317 A.2d 602 (1974) ; *Hatcher v. Chesner*, 422 Pa. 138, 221 A.2d 305 (1966); *Baptist Church in the Great Valley v. Urquhart*, 406 Pa. 620, 178 A.2d 583 (1962) ; *Aldine Realty v. Manor*, 297 Pa. 583, 148 A. 56 (1929).

As to the question of adverse possession, this Court has held that "the adverse possession that will bar easements must be actual, continuous, adverse, visible, notorious, and hostile possession of the land in question for twenty-one years." *Stozenski v. Borough of Forty Fort, supra; Philadelphia Electric Co. v. City of Philadelphia*, 303 Pa. 422, 429, 154 A. 492, 495 (1931). The Chancellor and the court en banc concluded that the

facts were insufficient to warrant a finding that Harold Mowris' easement was lost by adverse possession. "It is fundamental law that the chancellor's findings of fact, based upon adequate evidence, which are approved by the court en banc, have the force and effect of a jury's verdict and will not be disturbed on appeal." *Snow v. Corsica Construction Co.,* 459 Pa. 528, 329 A.2d 887, 889 (1974). *See also Schiff v. Upper Salford Township,* 456 Pa. 420, 321 A.2d 876 (1974); *Anthony v. Perose,* 455 Pa. 233, 312 A.2d 360 (1973). After a review of the record it is clear that the court below was correct in concluding that the facts were insufficient to warrant a finding that Harold Mowris' easement was lost by adverse possession. The only action by the appellants in Appeal No. 140 which supports their claim of adverse possession is that appellants planted some trees near the right of way. However, Mrs. Reed admitted that the trees were not planted for the purpose of obstructing the right of way and in fact did not do so. As the Chancellor and the court en banc found that was insufficient evidence to warrant a finding of adverse possession.

 Harold Mowris, appellant in Appeal 137, challenges the holding of the court below that his right of way over the Reed-Prather property was limited to pedestrian use and only in the most exigent circumstances could be used for vehicular use. Throughout the chain of title of Harold Mowris, the right of way over the Reed-Prather tract was conveyed either by these words, "Together with the use of the right of way to the public road," or by the following language, "Together with a full right of ingress and egress to a public road." The nature and extent of the easement conveyed by these words is now at issue.

In *Bowers v. Myers,* 237 Pa. 533, 85 A. 860 (1912), the issue before the Court was whether the general grant of a right of way to plaintiffs over an alley was limited to just pedestrian use or permitted the plaintiffs to use the

alley as a driveway for horses and vehicles. There we said: "A right of way granted or reserved in general terms may be used for any purpose reasonably necessary for the party entitled to use it. The fact that the person entitled to such way has used it for one purpose only for a long series of years does not restrict its use to that purpose only. The grant being in general terms, it must be construed to include any reasonable use to which the land may be devoted. 237 Pa. at 538–39, 85 A. at 861. *See also, Benner v. Junker*, 190 Pa. 423, 43 A. 72 (1899).

In *Garan v. Bender*, 357 Pa. 487, 55 A.2d 353 (1947), a case factually similar to *Bowers v. Myers, supra*, this Court held that an "easement may be used for all ordinary purposes, if the manner in which it is used is reasonable." 357 Pa. at 489, 55 A.2d at 354. *See Taylor v. Heffner*, 359 Pa. 157, 58 A.2d 450 (1948). While the facts in this case indicate that the right of way was used infrequently for vehicular use, we are also mindful of the facts, as pointed out by the court below, that the appellant, Harold O. Mowris, is land locked. To deny him the use of vehicles over the right of way would, for all practical purposes, render the land useless since there is no other means of ingress or egress onto the Mowris tract.

While we have held that a user must be restricted to reasonable use under the circumstances, *Taylor v. Heffner*, 359 Pa. at 163, 58 A.2d at 453, this record does not establish that to permit the appellant in Appeal No. 137 to use vehicles over the right of way would be an unreasonable use or unreasonably interfere with the use of the servient tenement by appellants in Appeal 140, so long as the appellant in Appeal No. 137 does not change the width or location of the right of way.

Accordingly, the decree and judgment of the Court of Common Pleas of Crawford County is modified in accordance with this opinion, and as modified affirmed. Each party to bear own costs.