# Tracey v. Whetsell

*Steve P. Leskinen,* for plaintiff.
*Peter U. Hook,* for defendant.

ADAMS, *J.,* April 9, 1984—The matter before the court is an action in ejectment to recover possession of a well and water line servicing the property of plaintiff. Defendant, Joan L. Whetsell, hereinafter "Whetsell," filed a counterclaim seeking attorney's fees and costs from the plaintiff.

The issue is whether plaintiff, Dorothy L. Tracey, hereinafter "Tracey," has a legally enforceable right to use the water from the well and to have it transported by water lines across the property of defendant to the property of plaintiff.

The court finds that plaintiff has failed to prove by a fair preponderance of the evidence that she has such a legally enforceable right; therefore, the claim of plaintiff is dismissed. Defendant has failed to prove by a fair preponderance of the evidence any right to damages; therefore, the counterclaim of defendant is dismissed.

. . .

Tracey contends that she acquired a right to use the well by virtue of the agreement of sale to purchase the land, which was executed prior to her obtaining the deed from the parties' common predecessor in title, Edgar R. Frantz, hereinafter "Frantz," on August 26, 1974; however, the deed which was executed subsequent to this agreement made no mention of any right-of-way or easement to use the well or any easement to run water lines over Whetsell's property. Under the law, the agreement

will merge with the deed in the absence of any proof that the intent was to the contrary and there was no such proof acceptable under the rules of evidence offered by plaintiff in the instant case.

Even if the agreement did not merge with the deed and even if the agreement would have recited a right in the grantee, Tracey to use the well and to lay water lines across the Whetsell property, it would have no effect. A grantor can only convey that which he has. There was no proof of any legal right in the grantor which could be conveyed to the grantee. Since the well and the water line were established subsequent to the severance of the Whetsell tract of land, an easement could only be created either by grant, actual or implied, or by operation of law. There is no evidence of any grant and there is nothing in the evidence which could create an easement appurtenant to the Tracey tract.

The existence of a servient tenement for the beneficial use of a dominant estate is a prerequisite to the creation of any easement appurtenant. Woodlawn Trustees, Inc. v. Michel, 418 Pa. 398, 211 A.2d 454 (1965). Creation of an easement appurtenant is accomplished by reserving to the grantor an easement or right-of-way over the land conveyed, said right-of-way being intended to benefit other lands retained by the grantor. This reservation is conceptually fused with the land; it benefits and passes with the land if there is a subsequent conveyance. Where an easement is appurtenant to land by an express or implied grant or reservation, or by prescription, it passes with the transfer of the land although not specifically mentioned in the instrument of transfer. Piper v. Mowris, 466 Pa. 89, 351 A.2d 635 (1976); Paci v. Shipley, 166 Pa. Super. 374, 71 A.2d 844 (1950). Although there was no

easement or right-of-way mentioned in the deed from Frantz to Tracey, this omission would not be fatal to Tracey's claim of an easement if in fact an easement did exist. However, the crucial aspect of this case is that Tracey did not prove the existence of any easement that could pass to her under any theory of law.

Dale Frantz, Tracey's witness, testified that the initial agreement concerning the use of the well and the running of the line across the Whetsell property occurred some time after the Livingstons, Whetsell's immediate predecessors in title, acquired the property in 1960. The initial use was through a mutual agreement and was permissive, not adverse or hostile. It was in the nature of an accommodation. The testimony of Mr. Frantz only shows a continuous, friendly and neighborly accommodation by which Frantz was permitted to use part of Whetsell's land for the transporting of water to their property. Tracey did not establish any legal right that could be conveyed to a subsequent purchaser. Since a permissive use is not adverse and cannot create a prescriptive easement no matter how long it would be continued, Deeb v. Ferris, 127 Pa. Super. 489, 193 A 75 (1937), a prescriptive easement could never be established. There was nothing in evidence to create an estoppel which would preclude Whetsell from terminating the permissive use.

Plaintiff in any action has the burden of establishing their claim by a fair preponderance of the evidence. Plaintiff has failed to meet this burden.