J-A11041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CLARK C. CRIDER AND DONNA R. CRIDER, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1675 MDA 2019 |
| TRICIA R. BLAND AND JUSTIN S. KIPE | : | |
| | : | |

Appeal from the Order Entered October 2, 2019
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2018-04723

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 02, 2020**

Clark C. Crider and Donna R. Crider, h/w, ("Appellants") appeal from the order entered on October 2, 2019, in the Court of Common Pleas of Franklin County, which sustained the preliminary objections filed by Tricia R. Bland ("Appellee Bland") and Justin S. Kipe ("Appellee Kipe") (collectively "Appellees") in the nature of a demurrer and dismissed Appellants' complaint in its entirety with prejudice.  After a careful review, we affirm.

The trial court has aptly set forth the relevant facts and procedural history, in part, as follows:

> Appellants own a tract of real property situated in Greene Township, Franklin County, Pennsylvania.  Appellants' property was landlocked when they initially purchased it in 1980.  To gain

_____

[*] Former Justice specially assigned to the Superior Court.

access to their property, [on March 31, 1980, Appellants] obtained a deed of easement from Nancy and Melvin Bland [("the grantors")], who owned an "L-shaped" parcel of land located to the west of Appellants' property. This easement [gave Appellants a 50 foot right of way and] entitled Appellants to create a 26 foot road across the grantors' property which would provide ingress, egress[,] and regress to their otherwise landlocked parcel of property. Additionally, the grantors reserved the right to use the easement. The easement divided the grantors' land between a southwesterly portion and a northwesterly portion.

Appellees own properties located to the southwest of Appellants' property. Appellees' properties were originally owned by grantors. In 1996, the grantors divided the southwest portion of their tract into seven smaller lots and began transferring them, by deed, to other individuals. Ultimately, the grantors transferred one lot to Appellee Kipe and four tracts to Appellee Bland [(collectively "the outsale deeds")]. Appellants allege that Appellees use the easement for access to their tracts of property but are not entitled to do so. Specifically, Appellants allege that while the grantors had rights to use the easement, once the grantors transferred the property to Appellees, the rights to use the easement did not transfer to Appellees. Appellees, through preliminary objections, claim that all of the rights to use the easement were transferred when their properties were transferred to them by the grantors and that Appellants have failed to state a claim upon which relief can be granted.

This matter was initiated by Appellants when they filed a Complaint [in equity against Appellees] seeking injunctive relief on November 8, 2018. On November 27, 2018[,] and December 3, 2018[,] Appellee Bland and Appellee Kipe filed preliminary objections to Appellants' Complaint, respectively. On January 2, 2019[,] [the trial court] sustained Appellees' preliminary objections and allowed Appellants to file an Amended Complaint by way of [c]ourt [o]rder. On January 22, 2019[,] Appellants filed their first Amended Complaint with the [trial court]. Again, on February 7, 2019[,] Appellees each filed preliminary objections thereto. In lieu of filing a response to Appellees' preliminary objections, [on February 18, 2019,] Appellants filed their Second Amended Complaint [in the trial court]. Appellees Bland and Kipe filed their third set of preliminary objections on March 6, 2019[,] and March 7, 2019, respectively. On March 27, 2019[,] Appellants filed an Answer to…Appellees' preliminary objections[.]

\* \* \*

- 2 -

On October [2], 2019[,] after considering all of the facts, relevant law[,] and arguments set forth by both parties, [the trial court] issued an Opinion and Order of Court sustaining in-part and overruling in-part Appellees' preliminary objections[1] and ultimately dismissing [Appellants' second amended complaint] with prejudice.

Trial Court Opinion, filed 11/12/19, at 2-4 (footnote added).

Specifically, the trial court concluded Appellants failed to demonstrate a clear right to relief (*i.e.*, that Appellees have no valid entitlement to use the easement for ingress, egress, and regress with regard to their properties), and, therefore, the trial court concluded Appellants are not entitled to a permanent injunction. As such, the trial court dismissed Appellants' equity complaint with prejudice.

This timely appeal followed, and all Pa.R.A.P. 1925 requirements have been met. On appeal, Appellants set forth the following issues in the "Statement of the Questions Involved" (verbatim):

---

[1] Appellee Bland's preliminary objection was in the nature of a demurrer and challenged the legal sufficiency of Appellants' second amended complaint. The trial court sustained Appellee Bland's preliminary objection in its entirety. *See* Trial Court Order, filed 10/2/19. Appellee Kipe's preliminary objections were also in the nature of a demurrer but additionally challenged the specificity of Appellants' second amended complaint. The trial court sustained Appellee Kipe's preliminary objections, in part, and overruled, in part, Appellee Kipe's preliminary objections. *Id.* Ultimately, while the trial court disagreed with Appellee Kipe's objection to the alleged lack of specificity in Appellants' amended second complaint, the trial court agreed with Appellees Bland and Kipe that Appellants, as a matter of law, failed to state a claim for which relief could be granted. Consequently, the trial court dismissed Appellants' second amended complaint with prejudice. *Id.*

1. Whether the Lower Court erred in granting Appellees' demurrer since Appellants state a claim prohibiting Appellees' use of the Easement under the facts stated in the Appellants' Second Amended Complaint because the common grantor was not entitled to encumber the Easement by granting additional uses[?]

2. Whether the Lower Court erred in sustaining the Preliminary Objection in the nature of a demurrer based on the reasoning that the Appellees had received rights to use the Easement, under 21 P.S. § 3, as part of a conveyance from the owner of the servient tenement, when no specific rights were conveyed by deed or otherwise assigned, alternative access was provided, and the trial court specifically found that the rights were not appurtenant[?]

3. Whether the Lower Court erred in granting Appellees' demurrer based on facts and factual inferences made in the Appellants' Second Amended Complaint which met the extremely low standard for surviving a demurrer[?]

Appellants' Brief at 4 (suggested answers omitted).[2]

Initially, we note the following relevant principles governing our review:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

*American Interior Construction & Blinds Inc. v. Benjamin's Desk, LLC*, 206 A.3d 509, 512 (Pa.Super. 2019) (citation omitted).  Thus, on an appeal from an order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary.  *Frank v. TeWinkle*, 45 A.3d 434, 438 (Pa.Super. 2012).

---

[2] We have renumbered Appellants' issues for ease of discussion.

- 4 -

This Court may affirm a trial court's decision sustaining a demurrer only where it is clear that the plaintiffs are unable to prove facts legally sufficient to establish a right to relief. **See id.** In making that determination, this Court must accept as true all well-pleaded material averments of fact in the complaint and every inference that is fairly deducible from those facts. **See id.** This Court, however, is not required to accept as true conclusions of law, unwarranted inferences, or argumentative allegations. **In re Estate of Luongo**, 823 A.2d 942, 966-68 (Pa.Super. 2003). Further, if a claim is based on a document, it is the document, not averments in the plaintiffs' complaint characterizing it, that determine whether the plaintiffs have stated a cause of action, and averments that conflict with the document need not be accepted as true. **Jenkins v. County of Schuylkill**, 658 A.2d 380, 383 (Pa.Super. 1995).

In the case *sub judice*, Appellants sought a permanent injunction prohibiting Appellees from using the easement at issue. "To justify the award of a permanent injunction, the party seeking relief must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested." **Kuznik v. Westmoreland County Bd. of Com'rs**, 588 Pa. 95, 902 A.2d 476, 489 (2006) (quotation marks and quotation omitted). "Unlike a preliminary injunction, a permanent injunction does not require proof of immediate irreparable harm." **Liberty**

***Place Retail Associates, L.P. v. Israelite School of Universal Practical Knowledge***, 102 A.3d 501, 506 (Pa.Super. 2014) (citation omitted).

Appellants' first claim challenges the trial court's interpretation of the March 31, 1980, deed of easement, which was executed between Appellants and the grantors. The interpretation of a deed of easement, like any contract, concerns a question of law, and, thus, our scope of review is plenary. ***PARC Holdings, Inc. v. Killian***, 785 A.2d 106, 112 (Pa.Super. 2001).

"An easement is a right in the owner of one parcel of land by reason of such ownership to use the land of another for a special purpose not inconsistent with a general property in the owner." ***Clements v. Sannuti***, 356 Pa. 63, 51 A.2d 697, 698 (1947) (emphasis, quotation marks, quotation, and citations omitted). "[A]n easement is an abstract property interest that is legally protected." ***Forest Glen Condominium Ass'n v. Forest Green Commons Ltd. Partnership***, 900 A.2d 859, 864 (Pa.Super. 2006) (quotation marks and quotation omitted).

As occurred in the case *sub judice*, easements may be created by an express grant. ***Amerikohl Mining Co., Inc. v. Peoples Natural Gas Co.***, 860 A.2d 547 (Pa.Super. 2004).

> To ascertain the nature of the easement created by an express grant we determine the intention of the parties ascertained from the language of the instrument. Such intention is determined by a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made.

Ambiguous words are construed in favor of the grantee. Where a deed or agreement or reservation therein is obscure or ambiguous, the intention of the parties is to be ascertained in each instance not only from the language of the entire written instrument in question, but also from a consideration of the subject matter and the surrounding circumstances.

*Id.* at 550 (quotation marks and quotations omitted). *See Southall v. Humbert*, 685 A.2d 574, 577 (Pa.Super. 1996) ("[T]he rules of construction apply to deeds granting easements as to contracts generally.") (quotation marks and quotations omitted)).

Moreover, we note our cases have recognized the right of a grantor to reserve the right to use an easement conveyed over his land. *See Piper v. Mowris*, 466 Pa. 89, 351 A.2d 635, 638 (1976) ("A reservation may be of a right or interest in the particular part which it affects.") (citation omitted)). "The intent of the grantor must be disclosed by the words used." *Id.* (citations omitted).

Here, the March 31, 1980, deed of easement between the grantors and Appellants (the grantees) relevantly provided the following:

[T]he Grantors do hereby grant, bargain and convey unto the said Grantees, their heirs and assigns, the free and uninterrupted use of, liberty and privilege over and passage in, along and over a certain parcel of real estate owned by the Grantors situate in Greene Township, Franklin County, Pennsylvania, for the purpose of an easement or right-of-way, for the purpose of ingress, egress and regress…described as follows:

***

BEING the same tract denoted as a proposed 50 foot private right-of-way on a survey of land by William A. Brindle Associates[.]

**RESERVING unto the Grantors, their heirs and assigns, the right to use said easement for ingress, egress and regress to and from Township Route 614, and between parcels retained by Grantors, their heirs and assigns[.]**

This Deed of Easement is subject to the following agreements and restrictions:

1.      The Grantees will establish a roadway in the middle twenty-six feet of the fifty foot easement, such roadway to be of slate construction with a minimum of six inch drainage tile pipe at all low levels subject to surface drainage.

2.      The twelve feet extending on either side of the twenty-six foot roadway shall be used to contain removed snow from the roadway, for road repair and drainage maintenance.  The roadway shall not be enlarged beyond the width of twenty-six feet.

3.      The Grantees shall keep the roadway and drainage areas in good repair and shall, at all times, keep the roadway free of snow.

4.      The cost of surveys, construction, future maintenance, drainage, and snow removal shall be borne by the Grantees.

5.      The Grantees shall have an unencumbered and free right-of-way over the roadway except that the use of the right-of-way shall not be extended by the Grantees or their heirs or assigns to serve any land use that requires the passage of public traffic, nor shall the roadway be used for, or the right of use be granted to others for, access to tracts of land other than the tract being purchased by the Grantees known as the Sharpe property.

6.      Should the Grantors sell, assign or convey, as a separate parcel, that portion of land owned by them known as the Bland property northeast of the aforementioned roadway, being bounded by the Sharpe property on the south and east, the McKendrick property on the north and east, and White Church Road on the Northwest, Grantors hereby agree to convey the property, which is subject to the easement granted herein, to the Grantees, in fee simple, in consideration of One Dollar ($1.00).

Appellants' Second Amended Complaint, filed 2/18/19, Exhibit A-Deed of Easement, executed 3/31/80, at 1-3 (bold added).

Initially, in interpreting the deed of easement, we consider whether the deed of easement created an easement in gross or an easement appurtenant.

Our Supreme Court has described an easement in gross as follows:

An easement in gross is defined as a mere personal interest in the real estate of another. The principal distinction between it and an easement appurtenant is found in the fact that in the first there is, and in the second there is not, a dominant tenement. The easement is in gross, and personal to the grantee, because it is not appurtenant to other premises. The great weight of the authorities supports the doctrine that easements in gross, properly so called because of their personal character, are not assignable or inheritable, nor can they be made so by any terms in the grant[.]

*Lindenmuth v. Safe Harbor Water Power Corporation*, 309 Pa. 58, 163 A. 159, 160 (1932) (citation omitted). "An easement in gross is a mere personal interest in, or right to use, the land of another." *Loughran v. Matylewicz*, 367 Pa. 593, 81 A.2d 879, 881 (1951) (italics omitted). *See* 7 Summ. Pa. Jur. 2d Property § 18:3 (2d ed. 2019) ("An 'easement in gross' is an easement with a servient estate but no dominant estate [and] is a mere personal interest in, or a right to use, the land or water of another.") (footnote omitted)).

Conversely, a prerequisite to the creation of an easement appurtenant is the "[e]xistence of a servient tenement for the beneficial use of a dominant tenement[.]" *Brady v. Yodanza*, 493 Pa. 186, 425 A.2d 726, 727 (1981) (citation omitted).

In determining whether a particular easement created by grant is or is not appurtenant to land, two matters must be considered — the nature of the right and the intention of the parties. In the first

place, it is a rule that nothing can be appurtenant unless it agrees in nature and quality with the thing to which it is claimed to be appurtenant....

***Lindenmuth***, ***supra***, 163 A. at 161 (citations omitted).

Furthermore,

An easement will never be presumed to be a mere personal right when it can fairly be construed to be appurtenant to some other estate. Whether an easement is in gross or appurtenant must be determined by the fair interpretation of the grant or reservation creating the easement, aided if necessary by the situation of the parties and the surrounding circumstances.

***Rusciolelli v. Smith***, 171 A.2d 802, 806 (Pa.Super. 1961) (*en banc*) (citation omitted).

Appellants argue that, based on the clear and plain language of the deed of easement, as well as the nature of the easement's right, which gave Appellants access to their landlocked property, the easement is appurtenant to their real property, and thus, "runs with their land" as the dominant estate. However, they suggest that the grantors' reservation in the easement was an easement in gross, personal as it relates to the grantors. Accordingly, they aver the easement's reservation did not "fuse" with the grantors' land, and therefore, it was not assigned to Appellees when they purchased five of the grantors' lots to the south of the easement.

Based on the clear and plain language of the deed of easement, we agree with Appellants that the easement is appurtenant with regard to their real property. However, we disagree with Appellants that the grantors' reservation of rights in the easement are in gross.

The grantors specifically reserved to themselves, their "heirs and assigns" the right to use the easement. "[S]uch language would not appear to be words of limitation or of creation of an easement in gross." **Brady**, **supra**, 425 A.2d at 728. Further, the nature of the grantors' reservation in the easement pertained to the use of the easement "for ingress, egress and regress to and from Township Route 614, and between parcels retained by Grantors, their heirs and assigns[.]" Appellants' Second Amended Complaint, filed 2/18/19, Exhibit A-Deed of Easement, executed 3/31/80, at 1-2. This clear and unambiguous language reveals the grantors' intent to reserve use of the easement for purposes of the specific lands at issue. **See Piper**, **supra**.

Moreover, the surrounding circumstances reveal the grantors gave the easement to Appellants so that Appellants could access their landlocked property; however, the grantors carved the easement in a manner so that it divided the grantors' property such that they owned the property to the north and south of the easement. Subsequently, the grantors created lots out of the southern portion of their property. This further demonstrates that the grantors' reservation in the right to use the easement was not a personal right; but rather, it was a benefit tied to ownership or occupancy of the grantors' land, and thus, was appurtenant to their real property. **See Lindenmuth**, **supra**.

We note Appellants point to various provisions in the March 31, 1980, deed of easement for the proposition that the grantors' reservation in the

- 11 -

easement was personal to the grantors. In this vein, Appellants contend paragraph 5 of the deed of easement gives them "unencumbered and free rights" to the easement such that permitting anyone but the grantors to use the easement impermissibly increases the burden on Appellants. Further, Appellants contend that, since paragraph 6 the deed of easement gives Appellants the right to purchase the property, which is subject to the easement, for $1.00 upon the happening of a certain condition (when the grantors no longer own the real estate to the northeast of the easement), it is unreasonable to conclude the parties intended to permit the grantors to assign the reservation in the easement to anyone else. Thus, Appellants contend paragraphs 5 and 6 in the deed of easement support their position that the reservation in the easement is personal to the grantors and not appurtenant to the grantors' real property.

As Appellants indicate, and as set forth *supra*, paragraph 5 of the deed of easement relevantly provides that "[t]he Grantees shall have an unencumbered and free right-of-way over the roadway[.]" Appellants' Second Amended Complaint, filed 2/18/19, Exhibit A-Deed of Easement, executed 3/31/80, at 2. However, in interpreting this paragraph, the trial court rejected Appellants' argument that the paragraph limits the reservation of use the grantors made for their heir and assigns.

Specifically, the trial court relevantly stated the following:

- 12 -

Appellants…claim…that the word "encumbered" should be interpreted to mean that Appellants have exclusive access to the easement.

\*\*\*

[W]hen interpreting the term "encumbered" as used in the deed [of easement], [the trial court] found that [the grantors' assigns would not be] legally encumbering Appellants' easement by using it. The legal definition of "encumbrance" is a burden on a piece of property which lessens its value *but which is not an ownership interest*. **See** Black's Law Dictionary (11ᵗʰ ed. 2019) (emphasis added). [Thus,]…the assignees of parcels of land from the grantors, retain the right to use the easement. Therefore, to find that [the grantors' assigns would be encumbering] Appellants' easement by using it would be in direct contravention of…the legal definition of "encumbrance"[] as set out in Black's Law Dictionary.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed 11/12/19, at 13-15 (italics in original).

We conclude the trial court did not err in giving the term "unencumbered" the common and approved meaning of the word as it is defined in Black's Law Dictionary. **See Bruno v. Erie Ins. Co**, 630 Pa. 79, 106 A.3d 48, 75 (2014) ("[T]he common and approved meaning of a word may be ascertained from an examination of its dictionary definition.") (citations omitted)). Further, we conclude the word "unencumbered" was not ambiguous, and the provision with regard thereto did not conflict with the reservation of the grantors', as well as their heirs' and assigns', rights.

Additionally, we find unpersuasive Appellants' argument that paragraph 6 in the deed of easement, which permits Appellants to purchase the fee simple title to the property, which is the subject of the easement, for $1.00 when the grantors no longer own the real estate to the northeast, somehow

extinguished any rights the grantors, their heirs, or assigns have in the easement.

In rejecting this claim, the trial court stated the following:

Paragraph 6 is an agreement whereby [Appellants] may take the easement if the grantors ever sell their property which is situated to the northeast of the easement. When reviewing [Appellants'] Second Amended Complaint, we find that [Appellants] do not allege that the grantors ever sold the land to the northeast of the easement. To the contrary, in paragraph 11 of [Appellants'] Second Amended Complaint, they acknowledge that the "grantors retained a fee simple interest in the real estate on which the easement is situate, conditioned upon continuing ownership of the real estate to the northeast of the easement, and [grantor] Nancy L. Bland[, who is a widow,]…holds that interest today."

Trial Court Opinion, filed 10/2/19, at 12.

We find no error in the trial court's sound analysis, and therefore, Appellants have not stated a claim for relief on this basis.[3] *See Kuznik*, *supra*; *Frank*, *supra*.

Having concluded the deed of easement expressly created a reservation of right for the grantors', their heirs and assigns, and this reservation is not a personal right, but one appurtenant to the grantors' property, we note there

_____

[3] We note Appellants make a claim in their brief that equity requires the grantors' assigns and heirs be prohibited from using the easement for ingress, egress, and regress since Appellants constructed, maintain, and repair the road located thereon. However, the clear and express language of the deed of easement specifically provides that these costs are to be borne by Appellants. *See* Appellants' Second Amended Complaint, filed 2/18/19, Exhibit A-Deed of Easement, executed 3/31/80, at 2.

is no dispute that the grantors conveyed five lots from the grantors' property holdings on the southern side of the easement to Appellees. The trial court ruled that Appellees became the assigns of the grantors for purposes of the easement when they collectively purchased the five lots.[4]

Specifically, upon examining 21 P.S. § 3, pertaining to the grantors' entire estate and rights conveyed, the trial court determined that all of the grantors' rights and interests in the conveyed properties transferred to Appellees when they purchased the properties via the outsale deeds. Appellants, however, contend the trial court interpreted 21 P.S. § 3 too expansively to conclude the grantors' reservation of the right to use the easement transferred to Appellees so that they are the grantors' assigns for purposes of the deed of easement.

We note that "the interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Wilson v. Transport Ins. Co.*, 889 A.2d 563, 570 (Pa.Super. 2005) (quotation marks, quotation, and citation omitted). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *In re Wilson*, 879 A.2d 199, 214 (Pa.Super. 2005) (*en banc*) (footnotes and citations omitted).

We have stated:

---

[4] As indicated *supra*, the trial court refers to the deeds for these conveyances as the "outsale deeds," and we shall do so as well.

[We] are constrained by the rules of statutory interpretation, particularly as found in the Statutory Construction Act. 1 Pa.C.S.[] §§ 1501-1991. The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly. Our Supreme Court has stated that the plain language of a statute is in general the best indication of the legislative intent that gave rise to the statute. When the language is clear, explicit, and free from any ambiguity, we discern intent from the language alone, and not from the arguments based on legislative history or "spirit" of the statute. We must construe words and phrases in the statute according to their common and approved usage. We also must construe a statute in such a way as to give effect to all its provisions, if possible, thereby avoiding the need to label any provision as mere surplusage.

*Cimino v. Valley Family Medicine*, 912 A.2d 851, 853 (Pa.Super. 2006) (quotation omitted). *See* 1 Pa.C.S.A. § 1921(b).

In the case *sub judice*, the statute at issue, 21 P.S. § 3, provides the following:

### § 3. Grantor's entire estate and rights conveyed

All deeds or instruments in writing for conveying or releasing land hereafter executed, granting or conveying lands, **unless an exception or reservation be made therein**, shall be construed to include all the estate, right, title, interest, property, claim, and demand whatsoever, of the grantor or grantors, in law, equity, or otherwise howsoever, of, in, and to the same, and every part thereof, together with all and singular the improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof.

21 P.S. § 3 (bold in original and bold added).

In interpreting this statute, the trial court determined that the plain and clear language provides that, unless an exception or reservation was made in the outsale deeds between the grantors and Appellees with regard to the

- 16 -

grantors' reservation of the right to use the instant easement, the grantors' rights with regard to the easement transferred to Appellees (who accordingly are the "assigns" of the grantors for purposes of the deed of easement). **See** Trial Court Opinion, filed 10/2/19, at 6-7. Inasmuch as the statute is clear, explicit, and free from ambiguity, we find no error of law in the trial court's interpretation of 12 P.S. § 3. **See Cimino**, **supra** (pertaining to statutory interpretation); **Southall**, **supra** (indicating an assignor is a person who assigns or transfers his property interests to another).

This does not end our, inquiry, however, as Appellants contend the outsale deeds contain "an exception or reservation" as it relates to Appellees' right to use the subject easement.

> When construing a deed, a court's primary object must be to ascertain and effectuate what the parties themselves intended. The traditional rules of construction to determine that intention involve the following principles. First, the nature and quantity of the interest conveyed must be ascertained from the deed itself and cannot be orally shown in the absence of fraud, accident or mistake. We seek to ascertain not what the parties may have intended by the language but what is the meaning of the words they used. Effect must be given to all the language of the instrument, and no part shall be rejected if it can be given a meaning. If a doubt arises concerning the interpretation of the instrument, it will be resolved against the party who prepared it.

**Consolidation Coal Co. v. White**, 875 A.2d 318, 326 (Pa.Super. 2005) (citations omitted).

In rejecting Appellants' argument, the trial court relevantly stated the following:

- 17 -

[Appellants] point out that 21 P.S. § 3 only applies where the outsale deeds do not specifically reserve or prohibit the grantees (Appellees) from using, among other things, easements. [Appellants] allege that in the instant case the outsale deeds implicitly restricted [Appellees'] rights to access the easement by giving [Appellees] a second way to access a public road.

\*\*\*

[Appellants]…allege that 21 P.S. § 3 is inapplicable in this case because the outsale deeds implicitly restrict [Appellees] from using the easement by giving them access to a different 20-foot easement ("20' easement") connecting [Appellees'] properties to the public road.

\*\*\*

[Appellants] attached to their Second Amended Complaint four outsale deeds between the grantors and [Appellee] Bland. Having read all of the outsale deeds, [the trial court] finds that three out of four of the deeds contain no language regarding the 20' easement. The only reference to the [20'] easement is contained in an outsale deed from [the] grantors to [Appellee] Bland, dated September 30, 2005, which states the following:

> "SUBJECT to the use in common for non-exclusive ingress, egress and regress in perpetuity of the private 20-foot right of way for Lots 3, 4 and 5 as shown on the "Land subdivision for Melvin L. Bland"…."

[Appellants] contend that the above-cited language precludes [Appellee] Bland from using the easement [at issue], because she has access to her land via the 20' easement. However, the above-cited language indicates only that a different easement exists and that [Appellee] Bland is entitled to access her property from using that alternative route, not that [Appellee] Bland is precluded from using the easement at the heart of this dispute. When applying 21 P.S. § 3 to the above-cited language, no exception or reservation is implicated, as [Appellants] suggest.

\*\*\*

[The trial court] now turns to the outsale deed between the grantors and [Appellee] Kipe, dated July 7, 2005, which states, in relevant part:

> "There herein-described lot is conveyed UNDER AND SUBJECT TO the terms of a "Declaration" dated May

- 18 -

20, 1996,…under which terms the grantee herein, his heir, successors, and assigns shall have, in perpetuity, the non-exclusive right of ingress and egress over and along a 20-foot wide right-of-way, part of which is located on the lot herein…the said right to be exercised "in a reasonable manner, so as not to interfere with other property owners' use and enjoyment thereof…."

Again, like the outsale deed between the grantors and [Appellee] Bland, cited above, [Appellee] Kipe's outsale deed grants him access to the 20' easement for ingress and egress to his land, but does not specifically except or reserve his right to the easement in dispute.

Trial Court Opinion, filed 10/2/19, at 7-10.

Accordingly, based on an examination of 21 P.S. § 3 and the outsale deeds, the trial court concluded that, since no specific exception or reservation was made by the grantors regarding the subject easement in the outsale deeds, any rights the grantors had in the easement were transferred to Appellees via the outsale deeds. We find no error in this regard. **See Consolidation Coal Co.**, **supra** (setting forth the relevant principles in interpreting a deed).

Finally, Appellants contend the facts and inferences presented in their second amended complaint demonstrate the grantors did not convey their reservation of rights in the easement to Appellees via the outsale deeds. To the extent Appellants re-hash the arguments presented *supra*, we conclude they are not entitled to relief.

To the extent Appellants argue the "timing" of the conveyances to Appellees Bland and Kipe, which did not occur until well after the deed of

easement was executed, suggests the grantors did not intend that Appellees benefit from the grantors' reservation in the easement, we conclude the argument is contrary to the express and plain language in the deed of easement indicating the reservation was for "the Grantors, their heirs and assigns[.]"

For all of the foregoing reasons, accepting as true all well-pleaded material averments of fact, we conclude Appellants have failed to demonstrate the grantors' express reservation of the right to use the easement was not transferred to Appellees when they purchased their lots. Thus, we conclude Appellants have not established their right to relief is clear so as to warrant permanent injunctive relief. *See Kuznik*, *supra*. Accordingly, since the facts set forth by Appellants were legally insufficient to establish a right to injunctive relief, we conclude the trial court properly sustained Appellees' preliminary objections in the nature of a demurrer. *Frank*, *supra*. Consequently, we affirm the trial court's order dismissing Appellants' second amended complaint with prejudice.[5]

_____

[5] We note that, to the extent we have affirmed the trial court's dismissal of Appellants' second amended complaint on grounds different than those provided by the trial court, we are permitted to do so. *Schuylkill Navy v. Langbord*, 728 A.2d 964, 970 (Pa.Super. 1999).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2020