348 A.2d 740

**John RUFFALO et al.**

v.

**Philip T. WALTERS and Elizabeth P. Walters, Appellants.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1975.

Decided Dec. 15, 1975.

John W. Pollins, III, Hammer & Pollins, Greensburg, for appellants.

Thomas J. Godlewski, Greensburg, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree of the Court of Common Pleas of Westmoreland County, Equity Division, which decreed that appellants, Philip T. Walters and Elizabeth P. Walters, no longer had an easement over the property of appellees.[1]

The facts surrounding this appeal are as follows. In 1949 appellants, by means of a properly recorded deed, became the owners of record of a parcel of land upon which a gristmill had been located until 1948, when it was removed. The 1949 deed contained an express easement that allowed appellants the right to run a millrace through the property of appellees. This easement had been contained in all the deeds to the property since 1873. In 1972, appellants, in connection with their plans to erect a historical gristmill, reopened the millrace through appellees' property pursuant to the contested easement. Appellees then filed a suit in equity alleging that the easement by deed contained in appellants' deed had been abandoned and, therefore, was no longer enforceable. The chancellor heard testimony and thereafter issued a decree nisi holding that the easement had in fact been abandoned.[2] Appellants filed exceptions which were dismissed and a final decree was entered. This appeal followed.

In Pennsylvania, the law requires that there be showing of intent of the owner of the dominant tenement to abandon the easement, coupled with either (1) adverse possession by the owner of the servient tenement; or (2) affirmative acts by the owner of the easement that ren-

---

1. The appellees are John Ruffalo, Harold F. Cline, Jr., Michael J. Mullen, Russell Starrett and Hazel Starrett.

2. Appellants filed an appeal to this court and the case was remanded for the filing of proper exceptions to the decree nisi and the entering of a final decree.

ders the use of the easement impossible; or (3) obstruction of the easement by the owner of the easement in a manner that is inconsistent with its further enjoyment. See *Hatcher v. Chesner*, 422 Pa. 138, 221 A.2d 305 (1966). In the instant case, the chancellor based his decision that the easement for a millrace had been abandoned on the fact that the former mill was sometime in the 1930's converted to gasoline power, thereby eliminating the necessity for the millrace, and further that the mill had been torn down in the late 1940's, at least prior to the 1949 conveyance of the property to appellants.

Based on these facts, the chancellor found that the easement for a millrace had been abandoned. In *Hatcher*, this court found an abandonment of an easement created by deed based upon the facts that the owner of the easement had taken actions on the easement proper that evidenced a clear intention to abandon the easement. In *Hatcher* we stated:

"In the instant case, the plaintiff, or his predecessors in title by whose actions in relation to the property he is bound, planted or permitted a tree to grow on the land now owned by the plaintiff which obstructed use of the easement to a material extent. Further, the same parties placed, or permitted to be placed, a bar across the doors of the garage serving as the only entrance to the easement right of way. These acts, in our opinion, were not mere inaction, but rather affirmative acts on the part of the plaintiff and his predecessors in title, which were sufficiently inconsistent with further use of the easement to constitute an abandonment thereof and to bring the issue squarely within the rule of *Eagan v. Nagle*, [378 Pa. 206, 106 A.2d 222 (1954)]." At page 143, 221 A.2d at 308.

In the instant case, we are in agreement with the chancellor's decision. The gristmill for which the easement was created was connected to gasoline power in the 1930's and torn down in 1948, some twenty-four years

240

before the present owners of the easement attempted to reopen the millrace. A road had been built over part of the millrace and no water had actually run through the millrace since the late 1930's. Based on these facts, we are of the opinion that there had been an intention to abandon the easement, coupled with the tearing down of the gristmill, that made the use of the easement impossible, thereby bringing this case within our decision in *Hatcher*.

Decree affirmed. Costs to be borne by appellants.

EAGEN, J., concurs in the result.

JONES, C. J., dissents.