## Bausinger v. Ulmer

*Preston L. Davis,* for plaintiffs.
*H. William Koch,* for defendants.

KREHEL, *P.J.,* August 9, 1985—On June 29, 1983 plaintiffs filed a complaint in equity seeking injunction relief against defendants. Plaintiffs alleged the existence of a 25 foot wide right of way over defendants' property. The alleged right of way served as a means of access from plaintiffs' property to a public highway. Plaintiffs contended that defendants had prevented plaintiffs from using this alleged right of way as a means of access to their property. Plaintiffs sought an injunction to preclude defendants from any future interference with their use of this alleged right of way.

On August 1, 1983, defendants filed an answer with new matter denying the existence of any right of way over their property. Defendant claimed that any right of way which may have been created by previous deeds had been extinguished by adverse possession. Defendants asked that plaintiffs be enjoined from using any part of defendants' property as a right of way.

A nonjury trial was held on December 27, 1984. Depositions were taken on the matter on February 15, 1985. After closing arguments were presented on August 7, 1985, this court makes the following

## FINDINGS OF FACT

(1) Plaintiffs are Robert L. Bausinger and Evelyn M. Bausinger, his wife, of Pottsgrove, Northumberland County, Pa.

(2) Defendants are Robert L. Ulmer and Denise M. Ulmer, his wife, of Pottsgrove, Northumberland County, Pa.

(3) The land in dispute is a 25 foot wide strip which connects plaintiffs' property to a public highway.

(4) The right of way in dispute is located on defendants' property.

(5) The conveyance which originally created the right of way was a deed of July 1, 1920 from Charles N. Marsh to Joseph G. Robbins.

(6) All subsequent conveyance of parcels of land relevant to this controversy, including plaintiffs' and defendants' deeds, referred to this right of way.

(7) Plaintiffs purchased their property on August 25, 1967 from Charles A. Cooke.

(8) The deed effecting the conveyance from Charles A. Cooke to plaintiffs contained a reference to the right of way in dispute.

(9) Defendants purchased their property on August 31, 1982 from Leona E. Haunty.

(10) The deed effecting the conveyance from Leona E. Haunty to defendants contained two references to the right of way in dispute.

(11) Mr. Charles A. Cooke, plaintiffs' predecessor in title, used the right of way in dispute as a

means of access to his property during his owner-ship of same.

(12) Plaintiffs used or attemped to use the right of way in dispute as a means of access to their property during their ownership of same.

(13) Both plaintiffs and their immediate predecessor in title, Mr. Cooke, used the right of way as a means of access for farming equipment.

(14) Defendants have blocked plaintiffs' access to their property and their use of the right of way through placement of obstructions across the right of way.

(15) Defendants' predecessor in title, when planting trees along their property line, specifically exempted the right of way from any trees in order to keep the right of way clear.

## DISCUSSION

Defendants contend that any right of way created by the deeds in this case over their property in favor of plaintiffs' has been extinguished. As support for this contention, defendants have put forth the inter-related theories of abandonment and adverse possession.

In setting forth these theories, defendants have obviously recognized the principle of Pennsylvania law that an easement created by deed will be extin-guished through adverse possession only upon a showing of both intent to abandon by the owner of the dominant tenement and adverse possession by the owner of the servient tenement. As stated in Ruffalo v. Walters, 465 Pa. 236, 348 A.2d 740 (1975):

"Pennsylvania law requires that there be a show-ing of intent of the owner of the dominant tenement to abandon the easement, coupled with

either (1) adverse possession by the owner of the servient tenement; or (2) affirmative acts by the owner of the easement that renders the use of the easement impossible; or (3) obstruction of the easement by the owner of the easement in a manner that is inconsistent with its further enjoyment." 465 Pa. at 238, 348 A.2d at 741.

In light of the elements necessary to establish the extinction of the easement in this case and the evidence set forth in this case, it is clear plaintiffs have established the continued existence of the easement since its creation in 1920 until the present. The evidence has also failed to establish the abandonment of the easement.

The easement at issue in this case was first provided for in a deed conveyed to Joseph G. Robbins from Charles N. Marsh on July 1, 1920. All subsequent conveyances of relevant parcels of land since the creation of the easement, including plaintiffs' and defendants' deeds, referred to the easement. Although the record does reflect extended periods of nonuse by the owners of the dominant tenement, it is clear that mere nonuse, no matter how long extended, will not result in extinguishment of an easement created by deed. Hatcher v. Chesner, 422 Pa. 138, 140, 221 A.2d 305, 307 (1966), citing Baptist Church in the Great Valley v. Urquhart, 406 Pa. 620, 178 A.2d 583 (1962).

It is significant that during these periods of nonuse by the owner of the dominant tenement no action was taken by the owner of the servient tenement which obstructed the use of the easement to a material extent. The depositions of Leona Haunty indicates that when the owners of the servient tenement planted trees along their property line they avoided placing any trees across the right of way. Such actions by defendants' predecessor in title is

clearly indicative of the continuous existence of the right of way.

Having established that the easement was never legally abandoned, the court now turns to the issue of adverse possession. The evidence demonstrates that the actions of defendants and their predecessors in title fail to rise to the level necessary to constitute adverse possession sufficient to extinguish the easement. The Supreme Court of Pennsylvania has held that:

"The adverse possession that will bar easements must be actual, continuous, adverse, visible, notorious and hostile possession of the land in question for 21 years." Stozenski v. Borough of Forty Fort, 456 Pa. 5, 8, 317 A.2d 602, 605 (1974).

Both plaintiffs and their predecessor in title testified to their use of the right of way to get farm equipment to their property. The court finds their testimony credible and concludes defendants have failed to establish adverse possession. As to the testimony describing Mr. Cooke's, plaintiffs' predecessor in title, requests from the owners of the servient tenement for permission to use the driveway, this court finds that these conversations merely reflected neighborly courtesy on Mr. Cooke's part and not an acknowledgment of any legal rights the owner of the servient tenement may have had to refuse the requested use. This finding is buttressed by Mr. Cooke's testimony and his knowledge that the deed to his property contained a description of the easement.

The continued use of the right of way by the owners of the dominant tenement is clearly inconsistent with any claim of adverse possession. The actions taken by defendants and their predecessors in title were not inconsistent with plaintiffs' easement rights until 1982, when defendants repeatedly

blocked the right of way with their car. It was these actions which gave rise to this lawsuit in which plaintiffs seek an injunction to secure easement rights.

Having determined that defendants have failed to establish abandonment of the easement or a successful adverse possession of it, the court finds that an easement in conformity with the description in the deeds conveying the properties to plaintiffs and defendants does exist. The final issue which this court will address, then, is the appropriate use to which plaintiffs may put their easement. The deeds describe the easement in general terms and fail to specify its scope in terms of use. Such a grant in general terms must be construed to include any reasonable use to which the land may be devoted. Bowers v. Myers, 237 Pa. 533, 538-39, 85 Atl. 60, 61 (1912). In Bowers, the court found that the fact that an easement has been used for one purpose only does not restrict its use to that purpose only, supra 538. However, this is not to say that restriction of an easement to a particular purpose is unreasonable per se. The court intends to restrict plaintiffs' use of easement based upon the testimony of Mr. Cooke and plaintiffs. It appears to this court that use of the easement should be restricted to use by farm equipment necessary to allow plaintiffs to plant and harvest their land. It is hoped that such a limited use will allow plaintiffs to enjoy the benefits of their easement without an unreasonable interference with the use of the servient tenement by defendants.

Accordingly, we enter the following

## ORDER

And now, this August 9, 1985, the petition of plaintiffs for an order precluding defendants from

preventing plaintiffs' use of their easement over defendants' property is granted subject to the following conditions:

(1) Plaintiffs are to restrict their use of the easement over defendants' property to that area described in the relevant deeds of plaintiffs and defendants as the 25-foot proposed street extending from Route 642 to plaintiffs' property line.

(2) Plaintiffs are to restrict their use of the easement over defendants' property to reasonable uses necessitated by the activity of farming on plaintiffs' property; and

(3) Plaintiffs are to restrict their use of the easement over defendants' property to those times of day and those seasons of the year reasonably related to the activity of farming on plaintiffs' property.