J-A05045-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| GLORIA J. NICODEMUS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN E. AND JOLINDA A. | : | No. 1596 WDA 2019 |
| MARKITELL | : | |

Appeal from the Judgment Entered March 11, 2019
In the Court of Common Pleas of Blair County Civil Division at No(s):
2017 GN 2752

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    FILED MARCH 11, 2020

Gloria J. Nicodemus (Nicodemus) appeals the order of the Court of Common Pleas of Blair County (trial court) denying her request for an easement by implication over the property of her neighbors, Brian E. and Jolinda A. Markitell (the Markitells).  We affirm.

I.

Nicodemus and the Markitells each own a piece of what was once a single parcel owned by a developer.[1]  In 1978, the developer sold a portion of that original parcel (Lot A) to Gloria G. Van Tries, who died in 2012, leaving

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The pertinent facts are gleaned from the certified record.

Lot A to her estate, which was administered by Emily Van Tries. Nicodemus purchased Lot A from the estate in 2015. The other piece of the original parcel (Lot B) was sold by the developer in 2005. Lot B was again sold in 2007 and its most recent sale was to the Markitells in June 2012.

This case involves an allegation of an unrecorded easement ("road") that the original developer constructed across Lot A and Lot B when they were still a single parcel. The Markitells built a fence blocking access to "the road" between the two properties. In 2017, Nicodemus filed a Complaint against the Markitells asserting that their construction of the fence wrongfully denied her an implied easement[2] that was created by its continuous use starting from the time when Lot A and Lot B were one parcel. She claimed that the "road" running through Lot B was the sole means of accessing her house on Lot A.

In their Answer, the Markitells responded that no such easement existed because the "road" had not been in continuous use for years before Nicodemus owned Lot A. They also asserted that any easement on Lot B was abandoned by past residents of Lot A who obstructed it with vehicles, piles of garbage and large bonfires. As to Nicodemus' allegation that "the road" was her sole access to her home on Lot A, the Markitells contended that Nicodemus and prior owners of that property had full access to the house via a front driveway.

_____

[2] Generally, an implied easement may arise from continuous use of a right-of-way if the behavior of the parties demonstrates their intention for such use to continue. See Phillippi v. Knotter, 748 A.2d 757, 762 (Pa. Super. 2000).

Before the trial court, the Markitells testified that after moving into their residence in 2012, they saw that vehicles would often be parked for long periods of time on the "road" connecting Lot A and Lot B. See Trial Transcript, 1/9/2019, at 22. Further, they observed that the residents of Lot A had been leaving "bags of dirty diapers," as well as "furniture from within the home; there was lamps, computer, dressers, [and] end tables." Id. at 53-54. To dispose of that waste, these previous residents would periodically burn it with "big bonfires." Id. at 54.[3]

The Markitells testified that the fires were set directly in the middle of the "road." Id. at 54-55, 74. In September 2013, the Markitells erected a fence across the "road" to prevent ash and debris from blowing onto their property. Id. at 76-77. Finally, the Markitells testified that a separate driveway outside of Lot B was for many years used without any limitations to access the house on Lot A. Id. at 56-57, 64.

The trial court ruled that the construction and continuous use of the subject "road" created an easement by implication but found that it was extinguished by abandonment. See Trial Court Opinion and Order, 3/11/2019, at 11-14. Specifically, the trial court credited evidence showing

_____

[3] It is undisputed that the residents of Lot A who dumped and burned garbage from 2012 to 2013 included the administratrix of Gloria G. Van Tries' estate, Emily Van Tries, who held legal title to the property at that time.

that before Nicodemus purchased Lot A, earlier residents had "intended to give up the right to use the easement permanently by . . . using it as a dumping ground, as well as a burn pile, for the miscellaneous garbage dumped there." Id. at 13.[4]

Moreover, the trial court found that the "dumping and burning, along with the presence of inoperable vehicles amount[ed] to affirmative acts that created a physical obstruction of the easement in a manner inconsistent with its further enjoyment." Id. The trial court also noted the Markitells' testimony that the residence on Lot A was fully accessible year-round via the driveway in front of the property. Id. at 12.

Nicodemus filed post-trial motions, contending that the trial court abused its discretion by misconstruing the evidence as indicative of abandonment of an easement. See Post-Trial Motions, 3/21/2019, at 2-3. Judgment was entered on October 15, 2019. Nicodemus timely appealed,[5] and both she and the trial court complied with Pa.R.A.P. 1925.

_____

[4] The Markitells concede that the trial court erred in describing the purported acts of abandonment as taking place over a period of seven years. See Appellee's Brief, at 9-10. In fact, this conduct only lasted between 2012 and 2013.

[5] The standard of review in this equity action is whether the trial court "committed an error of law or abused his discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." Phillippi, 748 A.2d at 758 (quoting Southall v. Humbert, 685 A.2d 574, 576-77 (Pa. 1996)).

II.

On appeal, Nicodemus contends that the trial court erred as a matter of law or abused its discretion in finding that an easement by implication across the Markitells' property (Lot B) was extinguished due to its abandonment by the residents of Lot A who preceded Nicodemus. From our review of the record and the applicable law, we find that Nicodemus is due no relief.

A.

An easement is "[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose." Stanton v. Lackawanna Energy, Ltd., 886 A.2d 667, 676 n.7 (Pa. 2005) (quoting Black's Law Dictionary, 8th ed. (2004), at 1108).

The type of easement at issue here, an easement by implied reservation, is "based on the theory that continuous use of a permanent right-of-way gives rise to the implication that the parties intended that such use would continue, notwithstanding the absence of necessity for the use." Phillippi v. Knotter, 748 A.2d 757, 762 (Pa. Super. 2000) (quoting Bucciarelli v. DeLisa, 691 A.2d 446, 449 (Pa. 1997)). An easement by implied reservation may be formed even though "the easement is not essential for the beneficial use of the property." Burns Mfg. Co., Inc. v. Boehm, 356 A.2d 763, 767 (Pa. 1976).

However, an easement may terminate by operation of the terms of its creation or by an intentional act to extinguish it. See Forest Glen Condo. Ass'n v. Forest Green Common Ltd. P'ship, 900 A.2d 859, 864 (Pa. Super. 2006). A court may determine that an easement by implied reservation is extinguished by abandonment where there is a:

> showing of intent of the owner of the dominant tenement to abandon the easement, coupled with either (1) adverse possession by the owner of the servient tenement; or (2) affirmative acts by the owner of the easement that renders . . . use of the easement impossible; or (3) obstruction of the easement by the owner of the easement in a manner that is inconsistent with its further enjoyment.

Ruffalo v. Walters, 348 A.2d 740, 741 (Pa. 1975) (emphasis added); see also Moody v. Allegheny Valley Land Trust, 976 A.2d 484, 488 (Pa. 2009) (conduct of abandonment "must consist of some affirmative act on his part which renders use of the easement impossible, or of some physical obstruction of it by him in a manner that is inconsistent with its further enjoyment.") (quoting Thompson v. R.R. Pres. Soc'y, 612 A.2d 450, 453 (Pa. Super. 1992)) (emphasis in original).

"Questions of abandonment are heavily fact-driven decisions." Buffalo Twp. v. Jones, 813 A.2d 659, 666 n.7 (Pa. 2002). This is because "intent to abandon must be established from the evidence, and . . . numerous possible factors evidencing intent must be considered." Moody, 930 A.2d at 514. On review, "an appellate court displays a high level of deference to the trial court as the fact finder." Jones, 813 A.2d at 666 n.7.

B.

In this case, there is evidence that a prior owner of Lot A (or at least a resident who held title to the property in trust)[6] acted in ways which were inconsistent with the further enjoyment of the easement that passed through Lot B. Gloria G. Van Tries bought Lot A in 1978, and after she died in 2012, legal title passed to her estate, which was administered by Emily Van Tries from 2012 to 2015. During that time, prior to the purchase of Lot A by Nicodemus, the "road" running through Lot A and Lot B was obstructed by parked vehicles, as well as garbage which was set ablaze.

The trial court credited the Markitells' testimony that the garbage and parked vehicles rendered the road unusable, as well as their concern that embers from the bonfires could blow into their property. See Trial Court Opinion and Order, 3/11/2019, at 12. Additionally, the trial court accepted the Markitells' testimony that they had only ever seen the home on Lot A being accessed by a separate driveway located outside of Lot B. Id. All of this

_____

[6] Nicodemus argues that during the period in question, from 2012 to 2013, Lot A was occupied by "short-term tenants" who did not have authority to act in a way that would terminate an easement. See Appellant's Brief, at 13. However, the resident of Lot A at that time was Emily Van Tries, who held legal title to the property upon her mother's death as the administratrix of the estate. Nicodemus cites no authority – and we find none – that would categorize Emily Van Tries as a type of resident whose actions are incapable of resulting in a termination of an existing easement. Thus, we decline to draw this distinction.

evidence tends to establish that any easement linking the properties was not, and was not intended to be, in continuous use during that period.

Nicodemus argues that the trial court abused its discretion in finding that the garbage piles and ash heaps physically obstructed the easement so as to render it unusable. See Appellant's Brief, at 12. She further argues that there was no evidence that a vehicle parked on or by the easement was positioned in a way that obstructed "the road." However, whether or not the garbage piles and parked vehicles actually obstructed an easement between Lot A and Lot B was a question of fact for the trial court to resolve.[7] The testimony of the Markitells is evidence that supports the finding that the subject easement was obstructed and, therefore, abandoned. Accordingly, because we must defer to the trial court's findings, there is no factual or legal basis to disturb the order on review.

Order affirmed.

_____

[7] Nicodemus correctly asserts that the trial court erred in referring to the acts of abandonment as taking place over a period of seven years. Regardless, the elements of abandonment outlined above are satisfied by the conduct of Lot A's owner occurring between 2012 and 2013. See Ario v. Ingram Micro, Inc., 965 A.2d 1194, 1200 (Pa. 2009) ("an appellate court may uphold an order of a lower court for any valid reason appearing from the record"). The "right for any reason doctrine" applies "if the established facts support a legal conclusion producing the same outcome." In re A.J.R.-H., 188 A.3d 1157, 1176 (Pa. 2018).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2020